VIRGINIA NIPLE, EMPLOYEE v. SEAWELL REALTY & INSURANCE COMPANY, EMPLOYER; PENNSYLVANIA NATIONAL MUTUAL CASUALTY INSURANCE COMPANY, INSURER

No. 8710IC495

(Filed 15 December 1987)

Master and Servant § 69.1— partial disability of leg—complete diminution of capacity to earn wages

The Industrial Commission's conclusion that plaintiff realtor was totally and permanently disabled from a fall suffered while showing clients a house despite testimony that she had a 60 percent disability of the leg below the knee was supported by evidence of plaintiff's advanced age, education, experience, degree of chronic pain and resulting limited activity, the medical evidence, and the vocational rehabilitation specialist's assessment of her ability to work. N.C.G.S. § 97-31, N.C.G.S. § 97-29.

Niple v. Seawell Realty & Insurance Co.

APPEAL by defendants from opinion and award of the North Carolina Industrial Commission filed 25 November 1986. Heard in the Court of Appeals 18 November 1987.

*Gabriel, Berry, Weston & Weeks, by M. Douglas Berry for plaintiff-appellee.*

*Nichols, Caffrey, Hill, Evans & Murrelle, by Thomas C. Duncan for defendant-appellants.*

BECTON, Judge.

I

The sole issue presented by this workers' compensation case is whether the Industrial Commission correctly ruled that plaintiff, Virginia Niple, is totally and permanently disabled within the meaning of N.C. Gen. Stat. Sec. 97-29 (1985).

The uncontroverted evidence before the Commission tended to show the following facts. Plaintiff was born 20 May 1918 and, at the time of the hearing, was 67 years old. She had three years of college education, and her employment history included work as a secretary, a receptionist, general manager and vice president of a consumer research firm, personnel and purchasing manager for a data processing company, and public relations work.

Beginning in August of 1980, plaintiff worked as a real estate agent. She was injured on 23 September 1981, when she fell while showing a house to potential buyers. At the time of the accident, she had been employed by defendant, Seawell Realty and Insurance, for one month.

Following the accident, plaintiff was treated by Dr. D. B. Olin for injury to her right ankle. She continued to work with the aid of crutches, but the foot remained painful and swollen. She was referred, on 11 March 1982, to Dr. Peter Whitfield, an orthopedic surgeon, who treated her with a cast for "chronic right ankle strain," and, on 27 January 1983, Dr. Whitfield surgically reconstructed the ligaments around plaintiff's right ankle. Thereafter, plaintiff worked part time but suffered from progressively more pain until she stopped working in August of 1983. She was admitted to the Duke University pain clinic from 20 February to 17 March 1984, and was also seen by a neurologist, but the persistent pain was not alleviated.

At the time of the hearing, plaintiff experienced chronic pain such that she was unable to remain on her right leg for more than four or five cumulative hours per day, and even sitting for more than ten or fifteen minutes without elevating her foot was painful. Dr. Whitfield stated his opinion that the pain would be permanent and that plaintiff suffered a sixty percent permanent partial disability of the leg below the knee.

James M. Ratcliff, a vocational rehabilitation specialist, testified that, in his opinion, plaintiff could not return to work as a real estate agent, and that he could not think of any other employment she could do based on her age, education, experience, and medical problem.

Based on this and other evidence, the deputy commissioner found facts, concluded as a matter of law that plaintiff had a 60% permanent partial disability of the right foot, and awarded compensation under N.C. Gen. Stat. Sec. 97-31. Citing *Whitley v. Columbia Manufacturing Co.*, 318 N.C. 89, 348 S.E. 2d 336 (1986), the Commission revised some of the Deputy Commissioner's findings of fact, and concluded as a matter of law that plaintiff was entitled to benefits for total and permanent disability pursuant to N.C. Gen. Stat. Sec. 97-29.

## II

Defendants concede that, under the Supreme Court's decision in *Whitley*, the fact that plaintiff suffered from a "scheduled" injury under Section 97-31 — a disability to her foot — does not preclude her recovery of total disability benefits under Section 97-29. However, defendants contend that the only evidence as to the degree of disability is Dr. Whitfield's assignment of 60 percent disability of the leg below the knee and Mr. Ratcliff's conclusion that plaintiff can no longer work as a real estate agent, and that this evidence fails to establish that plaintiff is incapable of earning *any* wages.

It is well-established that "disability," under the statute, refers not to the degree of physical infirmity but to a diminished capacity to earn wages. *See, e.g., Wood v. J. P. Stevens & Co.,* 297 N.C. 636, 256 S.E. 2d 692 (1979); *Fleming v. K-Mart Corp.,* 67 N.C. App. 669, 313 S.E. 2d 890 (1984), *aff'd,* 312 N.C. 538, 324 S.E. 2d 214 (1985). In this case, Dr. Whitfield's estimate of plaintiff's

disability plainly does not refer to the diminution of her capacity to earn wages but rather to the degree of the loss of use of her right foot. *See Little v. Anson County Schools Food Service*, 295 N.C. 527, 246 S.E. 2d 743 (1978).

Further, Mr. Ratcliff's testimony includes an assessment of plaintiff's ability to work at any gainful employment, not just real estate work. Moreover, plaintiff's own testimony regarding her limited ability to engage in any activity and the effect that physical exertion has upon her is competent evidence as to her ability to work. *See Singleton v. D. T. Vance Mica Co.*, 235 N.C. 315, 69 S.E. 2d 707 (1952). In determining the extent of a particular employee's incapacity for work, the Commission also may consider such factors as the individual's degree of pain, *see Fleming*, and the individual's age, education, and work experience, *see, e.g., Little; Hundley v. Fieldcrest Mills*, 58 N.C. App. 184, 292 S.E. 2d 766 (1982); and its opinion indicates that the Commission did consider such factors in this case.

We hold that the evidence of plaintiff's advanced age, education, experience, and degree of chronic pain and resulting limited activity, coupled with Mr. Ratcliff's assessment of plaintiff's ability to work and all the medical evidence, supports the Commission's conclusion that plaintiff is totally and permanently disabled. Accordingly, the award of total disability benefits is

Affirmed.

Judges PHILLIPS and GREENE concur.