BARNEY A. KENNEDY, EMPLOYEE-PLAINTIFF v. DUKE UNIVERSITY MEDICAL CENTER, SELF-INSURED, EMPLOYER-DEFENDANT

No. 9010IC64

(Filed 18 December 1990)

**1. Master and Servant § 94 (NCI3d) — workers' compensation — incapacity to earn wages — evidence sufficient**

There was ample competent evidence upon which the Industrial Commission could properly rely in support of its findings that plaintiff did not have the capacity to earn wages from the date of the accident through the date of the hearing before the Deputy Commissioner.

**Am Jur 2d, Workmen's Compensation §§ 339, 517.**

**2. Master and Servant § 93.1 (NCI3d) — workers' compensation — continuing disability — burden of proof**

The Industrial Commission in a workers' compensation claim was referring to defendant employer's burden of rebutting plaintiff employee's initial showing of a continuing disability when it stated that defendant bore the burden of showing that plaintiff was capable of other employment. While it is the general rule that plaintiff has the initial burden of proving an impaired wage earning capacity, the Commission did not

KENNEDY v. DUKE UNIV. MED. CENTER

[101 N.C. App. 24 (1990)]

act under a misapprehension of law in relying upon *Bridges v. Linn-Corriher Corp.*, 90 N.C. App. 397, to place the burden of proving wage earning capacity upon defendant under these facts.

**Am Jur 2d, Workmen's Compensation §§ 339, 517.**

3. **Master and Servant § 94 (NCI3d) — workers' compensation — necessary findings of fact omitted — findings sufficiently definite**

   The Industrial Commission's findings of fact in a workers' compensation claim were sufficiently definite to determine the rights of the parties even though the Commission failed to make necessary findings regarding both the extent and the permanency of the plaintiff's disability. The Commission's opinion and award, taken as a whole, implies that plaintiff's disability is a temporary total one.

**Am Jur 2d, Workmen's Compensation §§ 550, 554.**

4. **Master and Servant § 94.1 (NCI3d) — workers' compensation — temporary total disability — findings sufficient**

   The Industrial Commission's findings in a workers' compensation claim were sufficient to support the conclusion that plaintiff was entitled to temporary total disability benefits commencing with the accident and continuing through the date of the hearing to such time as his disability ends. Although defendant claimed that the findings of the Commission failed to include findings regarding the extent of the plaintiff's condition and that there was no finding of fact to support the conclusion that plaintiff was entitled to disability benefits beyond the date of the hearing, the correct interpretation of the findings brings them into harmony with the Commission's conclusion that plaintiff was entitled to temporary total disability benefits from the date of the accident until the date of the hearing. It would have been impossible for the Commission to make a finding regarding the termination date of temporary total disability benefits.

**Am Jur 2d, Workmen's Compensation §§ 550, 554.**

APPEAL by defendant from the North Carolina Industrial Commission. Order entered 27 July 1989. Heard in the Court of Appeals 29 August 1990.

On 5 July 1986, the plaintiff sustained a lumbosacral ("low back") strain while pushing and pulling a specialized patient bed weighing approximately 1600 pounds. Following the accident, the plaintiff experienced pain in his lower back and, with the exception of a few days immediately following his injury, has not worked since the date of the accident. The defendant voluntarily paid the plaintiff benefits for temporary total disability until 3 August 1987. On that date, defendant ceased paying the plaintiff benefits because the plaintiff had received a permanent partial disability rating of 10 percent to his back on 1 July 1987.

Plaintiff then filed a claim with the North Carolina Industrial Commission seeking payment of benefits for alleged continuing total disability under the North Carolina Workers' Compensation Act. A hearing was held before Deputy Commissioner Richard B. Harper in Durham on 17 November 1987. The Deputy Commissioner's opinion and award, issued on 17 August 1988, is quoted at length:

FINDINGS OF FACT

1. The plaintiff is a 33-year-old male. He is six feet, three inches tall and weighs approximately 218 pounds. He was employed from 1978 through 1986 as a patient service aide with the defendant employer. Plaintiff completed his employment with the defendant employer, the plaintiff had worked at a tobacco warehouse, at an automobile tire sales store, as a cloth helper and as brick layer's assistant.

2. Plaintiff's job duties with the defendant included transporting patients, moving equipment, folding linens, delivering specimens, samples and charts and answering telephones.

3. On July 5, 1986 the plaintiff sustained the stipulated injury by accident while pushing and pulling a specialized patient bed weighing approximately 1600 pounds. Following the accident he experienced pain in his lower back. With the exception of a few days immediately following his injury, the plaintiff has not worked since the accident.

4. As a consequence of the stipulated accident, the plaintiff sustained a lumbosacral strain. He has no injury to the nerves, discs or bony structures of the spine.

5. The plaintiff reached maximum medical improvement on July 1, 1987.

**KENNEDY v. DUKE UNIV. MED. CENTER**

[101 N.C. App. 24 (1990)]

6. As a result of the stipulated injury by accident on July 5, 1986, the plaintiff was incapable of earning any wages with the defendant employer or any other employer from the date of the accident to July 1, 1987.

7. As a result of the injury on July 5, 1986, the plaintiff has a 10 percent partial impairment of the spine.

8. Since July 1, 1987 the plaintiff has been capable of earning wages with the defendant employer or another employer.

9. The plaintiff offered no evidence tending to show that the plaintiff was capable only of earning wages less than he earned prior to the stipulated injury by accident.

CONCLUSIONS OF LAW

1. Plaintiff has failed to establish by a preponderance of the credible evidence that since July 1, 1987 he has been totally disabled, either permanently or temporarily. G.S. § 97-29.

2. In declining to offer proof of permanent partial disability and its degree beyond the 10 percent rating of the back . . . plaintiff manifested his election to receive compensation under G.S. § 97-31(23) rather than G.S. 97-30. *Gupton v. Builders Transport*, 320 N.C. 38, 357 S.E.2d 674 (1987).

3. As a result of his injury by accident on July 5, 1986, the plaintiff has a 10 percent permanent partial disability of the spine for which he is entitled to compensation at the stipulated rate for 30 weeks. G.S. § 97-31(23).

4. The Industrial Commission is the sole judge of the credibility of witnesses and the weight to be afforded their testimony. *Henry v. A.D. Lawrence Leather Co.*, 231 N.C. 477, 57 S.E.2d 760 (1950); *Blalock v. Roberts Co.*, 12 N.C. App. 499, 183 S.E.2d 827 (1971).

AWARD

1. Defendant shall pay to the plaintiff compensation for 10 percent permanent partial disability of his back. Said compensation has accrued and shall be paid in a lump sum subject to the attorney's fee hereinafter approved.

2. An attorney's fee in the amount of 25 percent is approved for plaintiff's counsel. Said amount shall be deducted from

**KENNEDY v. DUKE UNIV. MED. CENTER**

[101 N.C. App. 24 (1990)]

the benefits due the plaintiff and paid directly to [plaintiff's counsel].

3. . . . .

Pursuant to N.C. Gen. Stat. § 97-85 (1985), plaintiff appealed to the full Commission for a review of the Deputy Commissioner's award. The full Commission issued an opinion and award on 27 July 1989 which modified the Deputy Commissioner's opinion and award as follows:

FINDINGS OF FACT

Paragraphs 5, 7, 8 and 9 are STRICKEN.

Paragraphs [sic] 6 is modified to read as follows:

"6. As a result of the stipulated injury by accident on July 5, 1986, the plaintiff was incapable of earning any wages with the defendant employer or any other employer form [sic] the date of the accident through the date of the hearing in this cause on November 17, 1987."

CONCLUSIONS OF LAW

Paragraphs 1, 2 and 3 are STRICKEN

There is substituted therefore:

"1. Plaintiff is entitled to temporary total disability benefits for a period commencing with the accident of July 5, 1986, continuing through the date of the hearing on November 17, 1987 and to such time as his disability ends, and for such medical treatment and supplies as may reasonably be required to effect a cure of or give relief from the medical condition resulting from the accident of July 5, 1986."

AWARD

Paragraphs 1 and 2 are STRICKEN and replaced with the following:

"1. Defendant shall pay the plaintiff accrued temporary total disability benefits for the period August 3, 1987 until the end of his temporary total disability, or the present, at the rate of $151.21 per week, in one lump sum, subject to the attorney's fee hereinafter approved. Notwithstanding any controversy between the parties as to the termination date of plaintiff's tem-

KENNEDY v. DUKE UNIV. MED. CENTER

[101 N.C. App. 24 (1990)]

porary total disability, said sum shall include such benefits accrued to and including November 17, 1987, which shall be paid forthwith.

2. . . . .

3. . . . .

The defendant now appeals the opinion and award of the full Commission.

*Taft, Taft & Haigler, by Robin E. Hudson, for employee-plaintiff.*

*Office of the University Counsel, Duke University, by Andrea K. Sigman, for employer-defendant.*

DUNCAN, Judge.

Defendant's appeal asserts three assignments of error, which are essentially as follows: First, the defendant contends that there is no competent evidence in the record to support the full Commission's Finding of Fact number 6, which states that the plaintiff was incapable of earning any wages from the date of the accident through the date of the hearing before the Deputy Commissioner. Second, the defendant argues that the full Commission erred in failing to make findings regarding both the extent and the permanency of the plaintiff's disability. Third, the defendant asserts that the Commission's findings of fact did not support the conclusion that the plaintiff was entitled to temporary total disability benefits from the date of the accident through the date of the hearing before the Deputy Commissioner. We find no merit in any of these contentions and, therefore, affirm the opinion and award of the Industrial Commission.

I

[1] In order to obtain compensation under the Workers' Compensation Act, the claimant must prove the existence of a disability as well as its extent. *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E.2d 682 (1982). "Disability" is defined by N.C. Gen. Stat. § 97-2(9) (1985) as the "incapacity because of injury to earn the wages which the employee was receiving at the time of the injury in the same or any other employment." "To support a conclusion of disability, the Commission must find: (1) that the plaintiff was incapable after his injury of earning the same wages he earned before his injury in the same employment, (2) that the plaintiff

was incapable after his injury of earning the same wages he earned before his injury in any other employment and (3) that the plaintiff's incapacity to earn was caused by his injury." *Hendrix v. Linn-Corriher Corp.*, 317 N.C. 179, 186, 345 S.E.2d 374, 378-9 (1986).

The defendant does not contend that the Commission failed to make the findings necessary to a determination of disability. Rather, the defendant contends that there was no competent evidence upon which the Commission could properly rely in finding that the plaintiff did not have the capacity to earn any wages. We disagree.

We note at the outset that under the Workers' Compensation Act, the Industrial Commission is vested with exclusive authority to find facts. *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 144 S.E.2d 272 (1965); *Moore v. Adams Elec. Co.*, 259 N.C. 735, 131 S.E.2d 356 (1963). On appeal, therefore, the Court of Appeals is bound by the Commission's findings of fact when they are supported by direct evidence or by reasonable inferences drawn from the record. *Gosney v. Golden Belt Mfg.*, 89 N.C. App. 670, 671, 366 S.E.2d 873, 874, *disc. review denied*, 322 N.C. 835, 371 S.E.2d 276 (1988). In the instant case, our review of the transcript indicates that there was ample competent evidence upon which the Commission could properly rely in support of its finding.

Dr. Lawrence Frank, who saw the plaintiff at the request of the Duke University Workers' Compensation Office, testified that the plaintiff was suffering from a "lumbosacral strain that had become chronic." He assigned the plaintiff a 10 percent permanent partial disability rating. He acknowledged, however, that he had not taken any vocational factors into account. Dr. John W. Cromer, Jr., who was employed by the defendant as the Assistant Director of the Employee Occupational Health Center, testified that as of six days prior to the hearing before the Deputy Commissioner, the plaintiff was still not able to return to work because his injury continued to produce a great deal of pain and limitation of movement. Mr. Mike Massey, a Vocational Rehabilitation counselor who assessed the plaintiff's vocational skills and potential, testified that it was not reasonable to expect that a job could presently be found for the plaintiff, given his physical limitations coupled with his vocational abilities. Ms. Joan Dunston, the Patient Service Supervisor at Duke, testified that she "did not want him (the plaintiff) there (at work)" because her expectations of his working capacity could not have been fulfilled. Finally, the plaintiff himself testified

that he had not been able to decrease his level of pain to a point at which he could comfortably perform his everyday activities, such as household chores, yard work, cooking, and even bowel movements.

Our Supreme Court has approved the use of expert medical testimony on the issue of a claimant's ability to earn wages. *See Fleming v. K-Mart Corp.*, 312 N.C. 538, 544, 324 S.E.2d 214, 217 (1985). Similarly, this court has approved the use of testimony by vocational rehabilitation specialists on the issue of wage earning capacity. *See Niple v. Seawell Realty and Indus. Co.*, 88 N.C. App. 136, 139, 362 S.E.2d 572, 574 (1987), *disc. review denied*, 321 N.C. 744, 365 S.E.2d 903 (1988). Testimony by the plaintiff him/herself has also been found to be competent on the issue of wage earning capacity. *See Singleton v. D.T. Vance Mica Co.*, 235 N.C. 315, 325, 69 S.E.2d 707, 714 (1952); *Niple*, 88 N.C. App. at 139, 362 S.E.2d at 574. In sum, we find the testimony of these individuals to be amply competent to support the Commission's finding that the plaintiff had no capacity to earn wages in either the same or any other employment up to the date of the hearing before the Deputy Commissioner.

[2] The defendant further claims that the Commission erroneously placed the burden of proving wage earning capacity upon the defendant. The full Commission opened its opinion with the following statement: "Plaintiff sought benefits for alleged continuing total disability, and the defendant, having tacitly conceded that he [the plaintiff] remained incapable of returning to his former employment as a patient service aide, had the burden of showing that the plaintiff was capable of other employment. That it failed to do." The defendant contends, in the first instance, that it did not "tacitly concede" anything. Second, the defendant contends that the Commission acted under a misapprehension of law when it relied upon the holding of *Bridges v. Linn-Corriher Corp.*, 90 N.C. App. 397, 368 S.E.2d 388, *disc. review denied*, 323 N.C. 171, 373 S.E.2d 104 (1988), to support its statement that "the defendant . . . had the burden of showing that the plaintiff was capable of other employment." We do not agree.

First, the above-quoted testimony of Ms. Joan Dunston, the plaintiff's supervisor, tends to support the Commission's reference to the "tacit concession" that the plaintiff was unable to return to his former employment. For a similar finding, see *Watson v.*

*Winston-Salem Transit Auth.*, 92 N.C. App. 473, 374 S.E.2d 483 (1988) (holding that evidence of an employer's refusal to allow an employee to return to work because there was no "light" work available supports a finding that the employee was incapable of earning any wages in the same employment).

Second, while it is the general rule that the plaintiff has the initial burden of proving an impaired wage earning capacity, *Watson*, 92 N.C. App. at 475, 374 S.E.2d at 485, we do not believe that the full Commission acted under a misapprehension of law in relying upon *Bridges* to place the burden of proving wage earning capacity upon the defendant under these facts. In *Bridges*, the plaintiff challenged the sufficiency of the evidence to support the Industrial Commission's finding that he " 'was employable outside [his former employment]' and 'could have earned the same wages he was earning prior to [the date of his accident].' " *Bridges*, 90 N.C. App. at 398, 368 S.E.2d at 389. Although the plaintiff was capable of doing light work, he claimed that he was nonetheless disabled because, after several attempts, he could not procure employment. The defendant claimed, on the other hand, that the plaintiff was capable of earning wages in employment outside his former industry. The plaintiff's evidence tended to show that he was (1) 61 years old; (2) educated only to the fifth grade; (3) skilled only in work which was physically unsuitable; (4) afflicted with a breathing condition which was easily aggravated; and (5) unable to procure a job even though he had attempted to do so. *Id.* at 400, 368 S.E.2d at 390. The defendant countered this evidence with a survey prepared by the Employment Security Commission which merely listed the available jobs in the area. *Id.* However, no evidence was presented that the plaintiff was capable of obtaining any of the jobs listed in the survey. The *Bridges* court concluded that the evidence was insufficient to support the Commission's finding that the plaintiff was capable of other employment. The court stated:

> [B]efore it can be determined that [the] plaintiff is employable and can earn wages it must be established, not merely that jobs are available or that the average job seeker can get one, but that [the plaintiff] can obtain a job taking into account his specific limitations.

*Id.* at 400-01, 368 S.E.2d at 391.

*Bridges* did not change the long-standing rule that the claimant has the initial burden of proving that his/her wage earning capacity

has been impaired by injury. Rather, *Bridges* stands for the proposition that once the claimant meets this initial burden, the defendant who claims that the plaintiff *is* capable of earning wages must come forward with evidence to show not only that suitable jobs are available, but also that the plaintiff is capable of getting one, taking into account both physical and vocational limitations.

Thus, we believe that the Commission was referring to the defendant's burden of rebutting the plaintiff's initial showing of a continuing disability when it stated that the defendant bore the burden of showing that the plaintiff was capable of other employment. It is, therefore, apparent from the Commission's opinion that the defendant failed to do so, and we cannot disturb that determination, since the Industrial Commission has the exclusive authority to assign the weight to the evidence which is presented. *Anderson v. Lincoln Constr. Co.*, 265 N.C. 431, 144 S.E.2d 272 (1965).

Although the defendant points to other evidence which it feels was incompetent to support the full Commission's findings of fact, we find it unnecessary to decide those points of contention in light of the rule that findings of fact which are supported by competent evidence are conclusive on appeal, even though other incompetent evidence may have been improperly admitted. *Eaton v. Klopman Mills, Inc.*, 2 N.C. App. 363, 368, 163 S.E.2d 17, 20 (1968). Here, we conclude that the above-mentioned testimony was amply competent to support the Commission's finding that the plaintiff was incapable of earning wages during the times stated in its opinion.

II

[3] The defendant next contends that the Commission failed to make necessary findings regarding both the extent and the permanency of the plaintiff's disability. Although we agree that the Commission failed to make *specific* findings regarding both the extent and the permanency of the plaintiff's injury, we nonetheless conclude that the findings were sufficiently definite to determine the rights of the parties.

Crucial facts, upon which the question of the plaintiff's right to compensation depends, require specific findings by the Commission. *Gamble v. Borden, Inc.*, 45 N.C. App. 506, 263 S.E.2d 280, *disc. review denied*, 300 N.C. 372, 267 S.E.2d 675 (1980). The findings must be such that, on appeal, the court can determine whether they are supported by the evidence and whether the law has been

properly applied to them. *Gaines v. L.D. Swain & Son*, 33 N.C. App. 575, 235 S.E.2d 856 (1977).

We acknowledge that duration is a critical finding necessary to support an award of compensation under N.C. Gen. Stat. §§ 97-29 and 30. *See Gamble*, 45 N.C. App. at 508, 263 S.E.2d at 281. "Once the Industrial Commission has found that a 'disability' exists, the Commission must then determine whether that disability is (1) permanent total, (2) permanent partial, (3) total temporary, or (4) partial temporary." *McKenzie v. McCarter Elec. Co.*, 86 N.C. App. 619, 621, 359 S.E.2d 249, 250 (1987). In its Finding of Fact number 6, the Commission merely found that "[a]s a result of the stipulated injury by accident on July 5, 1986, the plaintiff was incapable of earning any wages with the defendant employer or any other employer form [sic] the date of the accident through the date of the hearing in this cause on November 17, 1987." Ordinarily, this finding would be insufficient to establish the crucial fact of duration upon which the plaintiff's right to compensation depends and to support an award of compensation. However, when taken as a whole, the Commission's opinion and award implies that the plaintiff's disability is a temporary total one. The opinion contains references to the gradual improvement of plaintiff's physical condition, and to "a slow return to activity." These references imply that the plaintiff's condition is temporary. Moreover, the Commission's finding of fact that the plaintiff was incapable of earning *any* wages, and its many references to the "length of temporary total disability" suggest that the plaintiff's injury was both temporary and total.

Although it should have been more clearly set out, we elect to treat the Commission's finding that the plaintiff was incapable of earning *any* wages with the defendant or any other employer from the date of the accident through the date of the hearing before the Deputy Commissioner as a finding of temporary total disability. *Compare Gamble*, 45 N.C. App. at 509, 263 S.E.2d at 282, where the court stated:

> The Commission in deleting 'permanent' from the Deputy Commissioner's finding of fact and conclusion of law, in referring in its opinion to plaintiff's case as one 'wherein no one knows what the future holds' and in concluding that the defendants owe plaintiff compensation 'until plaintiff is tendered or obtains work suitable to his capacity or has a change in condition'

has, in effect, found that the duration of plaintiff's disability is temporary.

### III

**[4]** The defendant's final assignment of error is that the Commission's findings of fact were insufficient to support the conclusion that the plaintiff was entitled to temporary total disability benefits "commencing with the accident on July 5, 1986, continuing through the date of the hearing on November 17, 1987, and to such time as his disability ends . . . ." The defendant claims that the findings of fact do not support the conclusion because the Commission failed to make any findings regarding the *extent* of the plaintiff's condition. In addition, the defendant claims that there was no finding of fact which would support the conclusion that the plaintiff was entitled to disability benefits beyond the date of the hearing before the Deputy Commissioner. We disagree with both of these contentions.

First, our interpretation of Finding of Fact number 6, under Argument II, now brings it into harmony with the Commission's conclusion of law that the plaintiff is entitled to temporary total disability benefits from the date of the accident until the date of the hearing before the Deputy Commissioner. Second, it would have been impossible for the Commission to properly make a finding regarding the termination date of temporary total disability benefits. The only evidence before the full Commission was that which was before the Deputy Commissioner, evidence which was gathered some eighteen months prior to the full Commission's review. The full Commission apparently did not consider, nor was it required to consider, evidence in addition to that which was considered by the Deputy Commissioner. *See* N.C. Gen. Stat. § 97-85 (1985). If the defendant desired the full Commission to consider any circumstances which may have changed during the interim between the date of the hearing before the Deputy Commissioner and the date of the full Commission's review, it could have requested such consideration. Moreover, N.C. Gen. Stat. § 97-29 states that an employer must pay a temporary totally disabled employee benefits "during such [period of] total disability . . . ." It does not require a finding nor a conclusion regarding the termination date of temporary total disability benefits. Such a requirement would be illogical since a case of temporary total disability is one in which the duration of the disability is uncertain. *See generally*

*Gamble*, 45 N.C. App. at 508, 263 S.E.2d at 281 (citing 2 A. Larson, The Law of Workmen's Compensation § 57.10 (1976)).

For the reasons set forth above, the opinion and award of the Industrial Commission is

Affirmed.

Judges COZORT and ORR concur.