WARREN DAUGHTRY Employee, Plaintiff-Appellant v. METRIC CONSTRUCTION COMPANY, Employer and AETNA INSURANCE DIVISION, Carrier, Defendants-Appellees

No. 9310IC689

(Filed 21 June 1994)

**Workers' Compensation § 235 (NCI4th)— ability to earn same or greater wage—no showing by temporary earnings and college degree**

The Industrial Commission erred by finding that plaintiff laborer/welder was capable of earning $12.00 per hour, the same or greater wage than plaintiff was earning prior to his compensable knee injury, based upon evidence that plaintiff obtained a temporary job paying $12.00 per hour and that he had obtained a college degree in 1970 which he had never utilized where there was no evidence that other permanent jobs for which plaintiff is qualified are available, that such jobs would pay $12.00 per hour, or that plaintiff would be able to secure such a job.

**Am Jur 2d, Workers' Compensation §§ 395-399.**

Appeal by plaintiff from Opinion and Award entered 16 April 1993 by the Full Commission of the Industrial Commission. Heard in the Court of Appeals 11 March 1994.

*Lore & McClearen, by R. Edwin McClearen, for plaintiff-appellant.*

*Ward and Smith, P. A., by William Joseph Austin, Jr., for defendants-appellees.*

JOHNSON, Judge.

The facts pertinent to this appeal are as follows: On 21 December 1986, plaintiff, Warren Daughtry, was employed by defendant-employer, Metric Construction Company (Metric), as a laborer/welder. On this date, while performing his duties of employment, and as plaintiff and several fellow employees were carrying a large, heavy pipe, plaintiff struck his left knee on a stanchion, twisting his knee. Plaintiff was then taken to a hospital in Plymouth and treated in the emergency room. Plaintiff was referred to an orthopaedic surgeon who performed surgery on his left knee on 10 February 1987. Plaintiff then filed a workers' compensation claim with the North

**DAUGHTRY v. METRIC CONSTRUCTION CO.**

[115 N.C. App. 354 (1994)]

Carolina Industrial Commission. Metric admitted liability for the injury and agreed to compensate plaintiff for "necessary weeks." This agreement was approved by the Industrial Commission on 19 March 1987.

After a period of rehabilitation, plaintiff returned to work for Metric on 12 March 1987. After returning to work, plaintiff continued to experience frequent episodes of his knee slipping out of joint. Plaintiff's employment with Metric ended sometime in March of 1987.

After plaintiff's work with Metric ceased, he went to work for Temporary Employee Services/Hartford in May of 1988. Temporary Employee Services/Hartford is in the business of assigning workers to different sites for different employers on a temporary basis. On 20 May 1988, plaintiff was assigned to work at the Texas Gulf plant in Aurora, N.C., constructing a multi-bucket well-digger for a mine that goes down into the earth. As plaintiff was completing his duties on a catwalk, approximately sixty feet in the air, plaintiff stepped down on the grading and caught his foot on one of the extra brackets lying on the catwalk, which caused him to twist his left leg and once again pop his knee out of joint. Plaintiff then filed a claim for workers' compensation against Temporary Employee Services/Hartford. Additionally, plaintiff filed a motion for change of conditions pursuant to North Carolina General Statutes § 97-47 (1991) against Metric.

A disagreement arose between Metric and Temporary Employee Services/Hartford as to who was responsible for the medical coverage and disability benefits subsequent to the second alleged injury of 20 May 1988. In order to resolve this dispute, both claims against Metric and Temporary Employee Services/Hartford were joined for hearing on 19 October 1988 before Deputy Commissioner Richard B. Ford of the North Carolina Industrial Commission. On 25 October 1989, Deputy Commissioner Ford entered an Opinion and Award finding that plaintiff had suffered an injury by accident on 21 December 1986 and a second accidental injury on 20 May 1988. Liability and the cost of the action were split between Metric and Temporary Employee Services/Hartford.

Plaintiff appealed the order of Deputy Commissioner Ford to the Full Industrial Commission based upon a technical mistake in the provisions made for medical services on 14 November 1989. The Full Commission modified the medical entitlement of plaintiff and the case was affirmed.

On 9 October 1990, plaintiff requested a second hearing asking that rehabilitation services be provided by Metric since those services had been denied to plaintiff. Metric responded by saying that "based on the educational level of the employee and medical reports and records, defendants claim that employee could return to gainful employment on May 24, 1989." On 31 October 1990, plaintiff made a motion for reinstatement of rehabilitation services pursuant to North Carolina General Statutes § 97-25 (1991).

On 25 February 1991, a second hearing was held before Deputy Commissioner Jan N. Pittman. Temporary Employee Services/Hartford did not participate since they had fully complied with the terms of the first Opinion and Award. On 10 July 1991, Deputy Commissioner Pittman filed an Opinion and Award finding, among other things, that plaintiff had periods of temporary total disability pursuant to North Carolina General Statutes § 97-29 (1991), a period of temporary partial disability pursuant to North Carolina General Statutes § 97-30 (1991) and assigned a 20% permanent partial disability rating pursuant to North Carolina General Statutes § 97-31(15) (1991).

Plaintiff gave notice of appeal to the Full Commission on 30 July 1991 from Deputy Commissioner Pittman's Opinion and Award, based primarily upon finding of fact four, which states in part that "[a]s of December 18, 1990, plaintiff was employable and capable of earning the same or greater wages than he was earning prior to the injury giving rise to this claim." On 16 April 1993, the Full Commission summarily affirmed and adopted Deputy Commissioner Pittman's Opinion and Award. From the Opinion and Award of the Full Commission, plaintiff gave notice of appeal to this Court.

Plaintiff first contends that the Industrial Commission erred by finding, as a matter of law and fact, that plaintiff was capable of earning $12.00 per hour, the same or greater wage than plaintiff was earning prior to the injury, after 18 December 1990, as this finding was improperly based on the speculation of future events and not supported by existing competent evidence of record.

At the outset, we note the standard of review of workers' compensation cases on appeal to this Court is whether there is any competent evidence in the record to support the Commission's findings of fact, and whether these findings support the conclusions of the Commission. *Watson v. Winston-Salem Transit Auth.*, 92 N.C. App. 473, 374 S.E.2d 483 (1988).

DAUGHTRY v. METRIC CONSTRUCTION CO.

[115 N.C. App. 354 (1994)]

In order to obtain compensation under the Workers' Compensation Act, the claimant must prove the existence of a disability as well as its extent. *Hillard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E.2d 682 (1982). "Disability" is defined by North Carolina General Statutes § 97-2(9) (1991) as the "incapacity because of injury to earn the wages which the employee was receiving at the time of the injury in the same or any other employment." "To support a conclusion of disability, the Commission must find: (1) that the plaintiff was incapable after his injury of earning the same wages he earned before his injury in the same employment, (2) that the plaintiff was incapable after his injury of earning the same wages he earned before his injury in any other employment and (3) that the plaintiff's incapacity to earn was caused by his injury." *Hendrix v. Linn-Corriher Corp.*, 317 N.C. 179, 186, 345 S.E.2d 374, 378-79 (1986).

In *Kennedy v. Duke Medical Center*, 101 N.C. App. 24, 398 S.E.2d 677 (1990), this Court held that the claimant has the initial burden of proving that his wage-earning capacity has been impaired by injury. If the claimant presents substantial evidence that he is incapable of earning wages, the employer has the burden of producing evidence to rebut the claimant's evidence. *Id.* This requires the employer to establish that suitable jobs are available and that plaintiff is capable of getting one, taking into account his specific limitations. *Bridges v. Linn-Corriher Corp.*, 90 N.C. App. 397, 368 S.E.2d 388, *disc. review denied*, 323 N.C. 171, 373 S.E.2d 104 (1988). If the employer produces evidence that there are suitable jobs available which the claimant is capable of getting, the claimant has the burden of producing evidence that either contests the availability of other jobs or his suitability for those jobs, or establish that he has unsuccessfully sought the employment opportunities located by his employer. *Tyndall v. Walter Kiddie Co.*, 102 N.C. App. 726, 403 S.E.2d 548, *disc. review denied*, 329 N.C. 505, 407 S.E.2d 553 (1991).

In the case *sub judice*, there is no dispute as to whether plaintiff presented sufficient evidence that he was unable, as a result of injuries sustained in the course of his employment, to earn the same wages earned before the injury. Plaintiff, however, argues that defendant did not meet its burden of showing that suitable jobs were available for plaintiff and that plaintiff was capable of getting those jobs. Plaintiff contends that Metric's ability to find one job for plaintiff, which was temporary in nature, is not sufficient to support the conclusion that despite plaintiff's injury, plaintiff was capable of earning the same or greater wages as prior to plaintiff's injury.

In our review of the evidence, we do not find that there was ample competent evidence to support the Commission's finding that plaintiff was capable of earning $12.00 per hour. The only evidence which appears to support this finding of fact is plaintiff obtaining a temporary position paying $12.00 per hour. However, we do not find that defendant presented any evidence that other suitable jobs for which plaintiff was qualified were available. We find no evidence that any other positions for which plaintiff is qualified would pay $12.00 per hour or that plaintiff would be able to secure such a position. Nor do we find any evidence that plaintiff's ability to obtain a temporary position paying $12.00 per hour necessarily means that plaintiff when permanently employed would receive $12.00 per hour. Additionally, we note that we do not find the fact that plaintiff has a college education dispositive; a college degree from 1970, which plaintiff never utilized, we believe is not evidence of plaintiff's ability to earn the same or greater wages as before the injury. Thus, we vacate the Opinion and Award appealed from and remand this matter to the Industrial Commission for further findings and conclusions in accord with this opinion.

In light of this decision, we do not address plaintiff's other assignments of error.

Vacated and Remanded.

Judges GREENE and JOHN concur.