The major controversy at hearing was whether plaintiff was capable of returning to work at a job tendered by the defendant-employer. The Deputy Commissioner was aware of evidence that plaintiff exaggerated her symptoms, and concluded that a realistic appraisal of both her physical abilities and the proposed job failed to refute plaintiff's showing that she was incapable of actually obtaining a job and earning wages. The defendants' motion to the Full Commission to add additional evidence to the record concerning plaintiff's true physical abilities is denied, as cumulative, because the evidence of record proves that defendants' essential contentions on that point are correct. But whether or not the employer succeeded in its third attempt to define a job within the plaintiff's restrictions, which were based on her generally verifiable physical condition (Depo. of Dr. Ciliberto, pps. 34, 40-41, 50-54), the evidence fails to show that plaintiff was "qualified to perform the kind of sedentary jobs that might be available in the marketplace", considering the greater weight of the vocational evidence. Peoples v. Cone Mills Corp., 316 N.C. 426, 441,342 S.E.2d 798 (1986); See Depo. of Mr. Yancey, pps. 13 17.
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, or rehear the parties, or their representatives, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner with minor modifications as follows:
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between plaintiff and defendant-employer on 14 August 1993.
3. The employee suffered a compensable injury on 14 August 1993.
4. Plaintiff's average weekly wage was $162.96, which generates a compensation rate of $107.55.
5. Plaintiff has been paid temporary total disability benefits in the amount of $10,291.48 for the period from 15 August 1993 through 11 July 1994.
6. Defendants have paid medical expenses in the amount of $12,503.87.
* * * * * * * * * * * * *
Based upon all of the competent evidence adduced from the record, the Full Commission makes the following additional
FINDINGS OF FACT
1. Plaintiff is 44 years old, has a ninth grade education, and has limited transferable skills from primarily unskilled or semi-skilled past work experience.
2. Defendant-employer operates a home for the severely mentally and physically handicapped.
3. Plaintiff was employed by defendant-employer as a "hab tech," whose duties involved the day-to-day care of the handicapped residents, including bathing, feeding and dressing. These duties involved frequent standing, walking, bending and heavy lifting.
4. On 14 August 1993 plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer when a child in a wheelchair kicked her on the inside of her knee. She came under the care of Dr. Ciliberto, who diagnosed degenerative arthritis of the right knee aggravated by contusion. On 21 December 1993 plaintiff underwent a debridement arthroscopy, but afterwards continued to complain of substantial and intense knee pain.
5. As a result of the injury of 14 August 1993, plaintiff retains a 10 percent permanent impairment to her right leg and is permanently restricted to sedentary work which would involve, on a regular basis, primarily sitting with only a few minutes of standing and walking each hour. Plaintiff is obligated to cooperate with defendants' reasonable rehabilitation efforts.
6. As a result of the injury of 14 August 1993, plaintiff is unable to earn the same wages she was earning at the time of the injury in the same employment.
7. At the request of defendants, vocational rehabilitation consultant Grover Yancey worked with plaintiff from March 1994 to June 1994. Mr. Yancey was able to locate only a few jobs within plaintiff's work restrictions, and even though plaintiff looked at over 150 places in Sanford for work, she was unable to obtain gainful employment even with the assistance of Mr. Yancey. Plaintiff did cooperate with defendants' vocational rehabilitation efforts.
8. The job which defendant-employer offered plaintiff in July 1994 required a significant amount of physical activity, including walking and standing, and exceeded plaintiff's restrictions. Plaintiff's refusal of that job was justified and reasonable. The modified version of that job offered to her in October, 1994 was not indicative of the relevant job market.
9. As a result of the injury of 14 August 1993, plaintiff remained, at the time of the hearing before the Deputy Commissioner, unable to actually obtain and earn any wages in any employment which is within her restrictions and for which she is qualified.
* * * * * * * * * * * * *
The foregoing findings of fact and conclusions of law engender the following additional
CONCLUSIONS OF LAW
1. Plaintiff remains totally disabled and entitled to ongoing temporary total disability benefits as of the date of the hearing before the Deputy Commissioner, at the rate of $107.55 per week. Plaintiff proved that she remains unable to earn the same wages she was earning at the time of the injury in the same or any other employment, and defendants failed to come forward with evidence to show that plaintiff was capable of getting a suitable job, taking into account her physical and vocational limitations. Plaintiff remains obligated to cooperate in any reasonable rehabilitation offered by defendants. N.C. Gen. Stat. § 97-29; Kennedy v. DukeUniversity Medical Center, 101 N.C. App. 24, 398 S.E.2d 677
(1990).
2. Plaintiff is entitled to such medical compensation as may be reasonably necessary as a result of the subject injury. N.C. Gen. Stat. §§ 97-25; 97-2(19).
* * * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following
AWARD
1. Defendants shall resume payment of temporary total disability benefits from 12 July 1994 through the date of the hearing before the Deputy Commissioner, and continuing during her total disability until further order of the Industrial Commission. Compensation which has accrued shall be paid to plaintiff in a lump sum, subject to the attorney fee hereinafter approved.
2. Defendants shall continue to pay all medical compensation expenses incurred by plaintiff for treatment of the subject injury, when bills for same have been submitted to the carrier and approved in accordance with the rules of the Commission.
3. An attorney's fee equal to 25 percent of the compensation awarded herein is hereby approved, and shall be deducted from the lump sum due plaintiff and paid directly to Ms. Peace. In addition, every fourth compensation check shall be forwarded directly to Ms. Peace for the balance of her fee.
4. Defendants shall pay the costs due this Commission.
* * * * * * * * * * * * * *
ORDER
Defendants' motion to the Full Commission to reopen the record for additional evidence is DENIED.
 S/ ____________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ ________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ________________________ LAURA K. MAVRETIC COMMISSIONER