The Workers' Compensation Act compensates an employee for work-related injuries which prevent him from making the equivalentamount of wages he made before the injury. Brown v. S N Communications Inc., 124 N.C. App. 320, 477 S.E.2d 197
(1996); Watson v. Winston-Salem Transit Authority,92 N.C. App. 473, 374 S.E.2d 483 (1988). In order to receive disability compensation under the Act, the mere fact of an on-the-job injury is not sufficient. The injury must have impaired the worker's earning capacity. Id.; Ashleyv. Rent-A-Car Company, 271 N.C. 76, 155 S.E.2d 755 (1967). G.S. Section 97-2(9) defines disability as incapacity because of injury to earn the wages which the employee was receiving at the time of the injury in the same or other employment. In order to find a worker disabled under the Act, the Commission must find: (1) the Plaintiff was incapable after his injury of earning the same wages he had earned before his injury in the same employment; (2) Plaintiff was incapable after his injury of earning the same wages he had earned before his injury in any other employment; and (3) that this individual's incapacity to earn was caused by Plaintiff's injury. Hilliard v. ApexCabinet Company, 305 N.C. 593, 290 S.E.2d 682 (1982). Initially, the Claimant must prove both the extent and the degree of his disability. Watson v. Winston-Salem TransitAuthority, 92 N.C. App. 473, 374 S.E.2d 483 (1988).However, once the disability is proven, there is apresumption that it continues until the employee returns to workat wages equal to those he was receiving at the time his injuryoccurred. Watson at p. 476; (emphasis added)see also Watkins v. Motor Lines, 279 N.C. 132,181 S.E.2d 588 (1971). Once the presumption of disability is established, the burden of proof shifts to the employer to rebut the continued presumption of total disability either by showing the employee's capacity to earn the same wages as before the injury or by showing the employee's capacity to earn lesser wages than before the injury. Franklin v. BroyhillFurniture, 123 N.C. App. ___, 472 S.E.2d 382 (1996).
To rebut the presumption of continuing disability, the employer must produce evidence that: (1) suitable jobs are available for the employee; (2) the employee is capable of getting said job, taking into account the employee's physical and vocational limitations; and (3) the job would enable the employee to earn some wages. At any time, the employer may rebut the presumption of disability by showing that the employee has unjustifiably refused suitable employment. G.S. Section 97-32. If the employer offers sufficient evidence to rebut the continuing presumption of disability, the burden then switches back to the employee to offer evidence in support of a continuing disability or evidence to prove a permanent partial disability under G.S. Section 97-30. The employee can prove a continuing total disability by showing either that no jobs are available, no suitable jobs are available or that he has unsuccessfully sought employment with the employer. If the employee meets this burden, he is entitled to continuing total disability benefits. If the employee fails to meet this burden, he continues to be disabled, but the disability changes from a total disability to a partial disability under G.S. Section 97-30. Id.; Kennedy v. Duke UniversityMedical Center, 101 N.C. App. 24, 398 S.E.2d 677 (1990). When an employee's power to earn is diminished, but not obliterated, he is entitled to benefits under G.S. Section 97-30
for permanent partial disability. Gupton v. BuildersTransport, 320 N.C. 38, 357 S.E.2d 674 (1987).
In the present case, Defendants have not offered any evidence to rebut the presumption of disability raised by the evidence. What the evidence reveals is that while in the process of lifting approximately forty pounds of plastic tote materials out of the company truck, Plaintiff experienced a specific traumatic incident resulting in the disabling, and otherwise compensable, low back injury manifested by an acute worsening of the low back and left leg numbness. Plaintiff subsequently developed radicular left leg pain.
As a result of his worsened low back pain and left leg numbness plaintiff was forced to take sick days the remainder of the week, but returned to work the following Monday and did not initially report his injury or seek medical treatment because he assumed it was only a minor one. When the increased back pain continued after returning to work and not only radiated into his left leg, but the same symptoms were aggravated by the prolonged sitting required as a sales representative, plaintiff sought medical treatment at the Outer Banks Medical Center from Dr. Stevens, who provided a conservative course of treatment consisting of various medications, exercises and physical therapy as well as subsequently had him undergo a diagnostic MRI of the lumbosacral spine. Over the next several months Plaintiff had been seen by various doctors concerning his back condition.
A back injury is defined at G.S. Section 97-2(6) as one arising out of and in the course of the employment and the direct result of a specific traumatic incident of the work assigned. In proving a specific traumatic incident, Plaintiff must prove an injury at a "cognizable time." Fish v. Steelcase, Inc.,116 N.C. App. 703, 449 S.E.2d 233, cert. denied339 N.C. 737, 454 S.E.2d 650 (1995). The statute does not compel Plaintiff to allege the specific hour or day of the injury.Id. In Fish, the Court approved testimony from the Plaintiff that the injury occurred in "mid-April." The Court further stated that judicially cognizable does not mean ascertainable on an exact date. Instead, the term should be read to describe a showing by Plaintiff which enables the Industrial Commission to determine when, within a reasonable period, the specific injury occurred.
It is the reasons set forth set forth above that I must respectfully dissent from this Opinion and Award.
 S/ ____________ THOMAS J. BOLCH COMMISSIONER