The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Edward Garner, Jr. and the briefs and oral arguments on appeal. The appealing party has shown good ground to reconsider the evidence and amend the Opinion and Award.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between the plaintiff and the defendant-employer.
3. Liberty Mutual Insurance Company was the compensation carrier on the risk.
4. Plaintiff's compensation rate is $426.00 weekly, the maximum allowed by law as of 28 March 1992.
***********
The Full Commission makes the following:
 FINDINGS OF FACT
1. Deputy Commissioner Garner found as a fact, concluded as a matter of law and ordered that plaintiff sustained a compensable injury to his back from his accident at defendant-employer's store on 28 March 1992; that he was entitled to 15% permanent partial disability benefits for his back injury; and that he was entitled to medical expenses relating to his back, both past and in the future. These findings, conclusions and orders were not appealed by either the plaintiff or defendants and, thus, stand as a final award in this matter.
2. Deputy Commissioner Garner failed to find that plaintiff was entitled to any temporary total disability benefits from the time he entered law school until the date of the hearing before the Deputy Commissioner. Plaintiff has appealed this portion of the findings of fact, conclusions of law and award.
3. Plaintiff's job as a salesman for defendant-employer involved selling products from the floor, carrying and setting up products, many of which weighed over 25 pounds, cleaning the store and completing any other assignments made by management.
4. While lifting heavy sound equipment at work on 28 March 1992, plaintiff immediately felt spasms and burning in his lower back. This constituted a specific traumatic incident of the work assigned and is compensable under the Workers' Compensation Act. He promptly reported it to his supervisor, who directed him to go to Primecare.
5. After a period of treatment, doctors at Primecare released plaintiff on 16 April 1992, for light duty work with a medical restriction of no lifting over 25 pounds.
6. Plaintiff resigned his job at Circuit City in May, 1992, to prepare to enter law school. While in law school plaintiff worked for wages at various periods of times. However, plaintiff was unable to earn wages for 68.4 weeks from April 1993 through 30 June 1997 because of his compensable injury. He tried to work but was unable to do so because of his injury. The fact that plaintiff was attending school during part of this period of time does not detract from the fact that he sought work and would have worked but for his injury. The periods plaintiff was unable to work were: (1) March to April 1993 (4 weeks); (2) April 5 through December 1993 (34.4 weeks); (3) 5 weeks of clerkship not completed (5 weeks); (4) during January to May 1994 (6 weeks); and (5) May 1994 through September 1994 (19 weeks).
7. Plaintiff received reasonable medical treatment at defendants' expense for his low back periodically from April of 1992 through 9 June 1997.
8. Plaintiff's low back problems from 28 March 1992 through 30 June 1997, the date of the hearing before the Deputy Commissioner, are due to the specific traumatic incident at Circuit City on 28 March 1992.
9. Plaintiff's congenital spina bifida occulta is not the cause of plaintiff's back pain and spasms.
10. As a result of this injury by accident, plaintiff sustained a 15% permanent partial impairment to his low back with restrictions of no stooping, no lifting more than 10 pounds, and no sitting or standing more than an hour or two at a time.
11. Plaintiff will continue to need physical therapy and medications for an indefinite period in the future due to his low back condition resulting from the compensable injury.
***********
Based upon the findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. The plaintiff's lower back injury of 28 March 1992 was the result of a specific traumatic incident arising out of and in the course of plaintiff's employment with defendant Circuit City. Thus, his low back injury is compensable. N.C. Gen. Stat. §97-2(6); Gray v. Carolina Freight Carriers, Inc.,105 N.C. App. 480, 414 S.E.2d 103 (1992).
2. Plaintiff has met his burden of proving that his wage earning capacity has been impaired by injury. Kennedy v. DukeUniversity Medical Center, 101 N.C. App. 24, 398 S.E.2d 677,682 (1990).
3. As a result of the compensable injury, plaintiff retains a 15% permanent disability to his lower back. N.C. Gen. Stat. §97-31.
4. As a result of his compensable injury, plaintiff was unable to earn any wages for 68.4 weeks from April 1993 through 30 June 1997 for which he is entitled to temporary total disability compensation from defendants. An employee injured in the course of employment is disabled under the Workers' Compensation Act if the injury results in an "incapacity to earn the wages which the employee was receiving at the time of injury in the same or any other employment." N.C. Gen. Stat. § 97-2 (9).
5. Plaintiff will need future medical care as a result of his injury. N.C. Gen. Stat. § 97-25.
***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. For his 15% rating, defendants shall pay to the plaintiff 45 weeks of permanent partial disability benefits at the compensation rate of $426.00 per week for a total of $19,170.00. Such compensation has accrued and shall be paid to plaintiff in a lump sum subject to the attorney's fees hereinafter approved.
2. Defendants shall pay to plaintiff 68.4 weeks of temporary total disability compensation at the rate of $426.00 per week. Such compensation has accrued and shall be paid to plaintiff in a lump sum subject to the attorney's fees hereinafter approved.
3. Defendants shall pay all of plaintiff's medical bills related to his low back injury, and shall reimburse plaintiff for all of his travel expenses and prescription medications related to his low back injury when plaintiff has submitted them to the carrier.
4. An attorney's fee in the amount of twenty-five percent (25%) of the Award is hereby approved for plaintiff's counsel. Said amount shall be deducted and paid directly to plaintiff's counsel.
5. Defendants shall pay interest at 8 percent per year on the compensation set forth in Paragraphs 1 and 2 of this Award from 30 June 1997 until paid. Also such interest shall be paid directly to plaintiff and is not subject to attorney's fees.
6. Defendants shall pay the costs due the Commission.
This the 14th day of June 1999.
S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER
S/_____________ BERNADINE S. BALLANCE COMMISSIONER