HUGH D. BRIDGES, PLAINTIFF v. LINN-CORRIHER CORPORATION, DEFENDANT

No. 8710IC747

(Filed 31 May 1988)

**Master and Servant §§ 68, 69.1— workers' compensation—obstructive lung disease —worker unable to obtain job—insufficient findings**

The Industrial Commission erred in concluding that a cotton mill worker who was temporarily disabled by his obstructive lung disease improved to the extent that he was no longer disabled because he was employable outside the cotton textile industry at the same wages he had previously earned, since the Commission failed to establish that this worker could obtain a job taking

into account his specific limitations, and it was not sufficient to establish that jobs were available or that the average job seeker could get one.

APPEAL by plaintiff from the Opinion and Award of the North Carolina Industrial Commission filed 31 March 1987. Heard in the Court of Appeals 6 January 1988.

*Thomas M. King for plaintiff appellant.*

*Teague, Campbell, Dennis & Gorham, by George W. Dennis III, for defendant appellee.*

PHILLIPS, Judge.

After working in cotton mills in Cabarrus and Rowan Counties for 33 years, 16 of the last 17 in the defendant's mill in Landis, on 24 July 1984 plaintiff, because of chronic obstructive lung disease acquired during his employment, became incapable of processing cotton any longer and defendant discharged him. The Industrial Commission found and concluded, in brief, that: Plaintiff's lung disease was contributed to by cotton dust in the workplace and thus was occupationally incurred; because of the disease plaintiff was temporarily totally disabled from 24 July 1984 to 19 April 1985 and entitled to medical benefits and compensation under the Workers' Compensation Act accordingly; by 19 April 1985, due to rest, medical treatment, and freedom from cotton dust, plaintiff's lung condition had improved to the extent that he was no longer disabled because he "was employable outside the cotton textile industry" and "could have earned the same wages he was earning prior to July 24, 1984." The specific findings as to plaintiff's employability were as follows:

> [P]laintiff had the capacity to perform the same type textile work he had previously performed in mills where only synthetic fibers were processed. In addition, he was physically able to drive a taxi, truck, or other motorized vehicles, could have worked in a service station, furniture store, carpet store, convenience store, a factory or assembly line, and there were jobs available in his locality of this character where he could have earned the same wages he was earning prior to July 24, 1984.

Plaintiff's appeal hinges on whether these findings of fact as to his employability are supported by competent evidence. If they are the decision must be affirmed since under our workers' com-

pensation law the Industrial Commission is the fact finder with all the prerogatives of a jury, *Watkins v. City of Wilmington*, 290 N.C. 276, 225 S.E. 2d 577 (1976), and an occupationally injured or diseased worker who is employable at wages equal to those earned before the injury or disease was incurred is not disabled. G.S. 97-2(9).

Plaintiff argues, not without some basis, that the findings as to his capacity to perform the various jobs listed are not supported by evidence. Because the evidence indicates without contradiction that plaintiff is capable of doing only light work—"occupations that do not require strenuous or prolonged exertion" or involve walking long distances or lifting heavy objects, or that expose him to irritating dust, fumes or smoke—and no evidence was presented that the jobs listed are free of those impermissible incidents. The only evidence presented concerning the jobs was a survey prepared by the Employment Security Commission office in Rowan County, which merely listed the available jobs in the area, along with the pay scale and fringe benefits. Thus, some of the findings are contrary to reality, since it is commonly known that taxi drivers have to lift their patron's weighty luggage and many convenience and other store employees without managerial or business experience have to lift heavy merchandise cartons and rarely is any service station free of dust, smoke and other fumes. But plaintiff's argument along this line need not be pursued because assuming *arguendo* that he is able to perform all the jobs listed, the Commission's findings as to his employability are nevertheless unsupported because no evidence whatever was presented that plaintiff could have obtained or can obtain any of the jobs.

Under our workers' compensation law one unable to obtain employment and earn wages, not because of general economic conditions, but because of an occupational injury or disease, is disabled. *Peoples v. Cone Mills Corp.*, 316 N.C. 426, 342 S.E. 2d 798 (1986); *Hilliard v. Apex Cabinet Co.*, 305 N.C. 593, 290 S.E. 2d 682 (1982). Thus, to be employable when employment is generally available the claimant not only must be capable of filling a job, he must also be able to get it. The Workers' Compensation Act was enacted to ameliorate the consequences of injuries and illnesses in the workplace and one of those consequences, at least on occasion, is that a recuperated worker capable of holding a job cannot get

one. A capable job seeker whom no employer needing workers will hire is not employable. The plaintiff in this case is 61 years old and went only to the fifth grade in school; his employment experience, essentially limited to carding cotton, would be of little or no benefit in any other employment; and his medical history includes longstanding, easily aggravated breathing difficulties, and several months in 1984 and 1985 when his wheezing, coughing and gaspings for breath prevented him from working, required much medical treatment to the considerable expense of his employer, and caused him to be fired. That such a person can get a job in any urbanized area in this State, where the pool of unskilled employment seekers always includes persons who are younger, healthier, and better educated, cannot be assumed, but must be proved and no proof was offered.

The only recorded evidence that directly bears upon plaintiff's ability to get a job, as distinguished from the availability of employment in the area, a different matter entirely, tends to indicate that he is not hireable. For he testified without contradiction that though he applied for many of the jobs listed each application was rejected after he truthfully revealed his work experience, education and medical history, and nothing in the evidence suggests that he was turned down for any reason other than his deficient experience, education and health. That plaintiff did apply without success for several of the jobs listed the Commission found as a fact, but it did not find why none of the employers hired him. If he was not hired and is not hireable because of his age, occupational lung incapacity, and limited experience and education, he is disabled within the purview of the Workers' Compensation Act and entitled to compensation. *Peoples v. Cone Mills Corp., supra.* If plaintiff's unsuccessful efforts to obtain employment are sufficient to establish his unemployability, the law does not require him to continue searching for a job that does not exist for him. *Hilliard v. Apex Cabinet Co., supra.* Under similar circumstances, except that the unemployed claimant was younger and better educated than plaintiff, our Supreme Court had the Commission determine whether the claimant's inability to get employment was due to her age, limited experience, physical condition, and education, *Rutledge v. Tultex Corp.,* 308 N.C. 85, 301 S.E. 2d 359 (1983), and a similar determination is necessary here. For before it can be determined that this plaintiff is employable

and can earn wages it must be established, not merely that jobs are available or that the average job seeker can get one, but that *he can obtain a job taking into account his specific limitations. Little v. Anson County Schools Food Service*, 295 N.C. 527, 246 S.E. 2d 743 (1978). Thus, we vacate the opinion and award appealed from and remand this matter to the Industrial Commission for further findings and conclusions in accord with this opinion.

In view of the decision reached plaintiff's other contentions need not be considered.

Vacated and remanded.

Judges JOHNSON and ORR concur.