The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
The undersigned find as fact and conclude as matters of law the following, which were entered into by the parties at the hearing, and in Industrial Commission Form 21, approved by the Industrial Commission on December 28, 1987, and in a Pre-Trial Agreement dated July 9, 1993, as
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Defendant-employer is self-insured, with Sedgwick James of the Carolinas acting as servicing agent.
4. Plaintiff's average weekly wage was $250.38, yielding a compensation rate of $166.93.
5. On October 30, 1987, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer.
6. Temporary total disability has been paid to plaintiff from November 2, 1987 to the present time.
7. Plaintiff's medical and vocational records, which are attached to the depositions taken in this matter, are stipulated into evidence.
RULINGS ON EVIDENTIARY MATTERS
The objections raised by counsel at the depositions of Dr. Todd Chapman, Dr. Robert Francis, Stephen Carpenter and Ann Archer are ruled upon in accordance with the applicable provisions of the law and the Opinion and Award in this case.
* * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with minor technical modifications, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. At the time of the injury giving rise to this claim, the plaintiff was 60 years old. She is a high school graduate and completed nurses aid training in 1968. Based on achievement tests, plaintiff has good reading skills, but scored at the marginal level in spelling and illiterate level in arithmetic.
2. Plaintiff worked as a nurses aide at Margaret Pardee Hospital from 1968 until 1974. She began working for defendant-employer as a community health assistant in November, 1974.
3. On October 30, 1987, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer when she pulled on a sticking desk drawer, which fell out and caused her to fall from the chair onto the floor. As a result of this accident, plaintiff sustained injuries to her left shoulder and arm, back and head.
4. After the accident, plaintiff saw Dr. Robert Francis, an orthopaedic surgeon, who initially examined her on November 5, 1987. As a consequence of the stipulated accident, plaintiff sustained muscle spasm in the cervical spine and trapezius muscle and possible compression fractures at L1. Dr. Francis also found that plaintiff had pre-existing cervical spondylosis and that she had undergone a laminectomy at L4-5 and L5-S1 prior to the injury by accident.
5. After treating plaintiff for several months, Dr. Francis referred plaintiff to Dr. Todd Chapman, an orthopaedic surgeon, who first examined plaintiff on January 13, 1988. On June 10, 1988, Dr. Chapman performed a posterior lumbar interbody fusion at L4-5 and L5-S1.
6. After surgery, plaintiff continued to experience pain in her lower back and right leg and was treated by Dr. Francis and Dr. Chapman. On August 17, 1989, Dr. Chapman saw plaintiff for increasing back problems after she bent over and experienced a catch in her back. X-rays showed a solid fusion at L4-5 and L5-S1, but indicated a degenerative disc at L3-4. The L3-4 problem was caused by degenerative disc disease, but the injury by accident and subsequent fusion surgery aggravated or exacerbated the symptoms that plaintiff would have experienced at L3-4. There is sufficient convincing evidence of record to support this finding of fact.
7. Plaintiff subsequently began experiencing numbness in her left hand and pain in her left wrist which were caused by rotary subluxation of the scaphoid and carpel tunnel syndrome. Dr. Francis performed a left carpel tunnel release on February 8, 1989. There is insufficient convincing evidence in the record from which to prove by its greater weight that plaintiff's problems with her left hand and wrist were related to the injury by accident, since plaintiff fell on her right hand.
8. As a result of the injury by accident, plaintiff underwent surgery by Dr. Donald D'Alessandro for rotator cuff repair to her left shoulder on October 2, 1990.
9. Plaintiff continued to experience low back pain and right leg pain and numbness. She underwent various types of treatment including epidural steroid injections, physical therapy, prescription medications, and the use of different types of back braces. On January 4, 1992, plaintiff was released by Dr. Chapman to return to work with restrictions of no lifting over thirty-five pounds, no repetitive lifting, no twisting, pushing, pulling, climbing or prolonged sitting or standing.
10. Plaintiff next saw Dr. Chapman on November 18, 1992, when she was experiencing increased pain in her right leg. She was unable to drive a car and was restricted from all work because of the instability with her right leg giving way and causing her to fall.
11. Defendant-employer has not offered plaintiff any work which is within her capacity to earn wages. However, defendant-employer has provided vocational rehabilitation assistance to plaintiff. An Ergos evaluation done at Thoms Hospital and a functional capacity evaluation performed by Astro Rehabilitation Center, both done in March of 1993, showed that plaintiff had an ability for less than full range of sedentary work.
12. In September, 1993, the vocational rehabilitation coordinator located a telemarketing job which was offered to plaintiff. This job description was approved by Dr. Chapman. Plaintiff refused to accept the telemarketing job due to the commuting distance from her home in Zirconia to the Asheville job site since she is unable to drive, and the prolonged sitting and standing required by the job. In the opinion of the undersigned, plaintiff justifiably refused this offered position, which was not suitable to her capacity to earn wages.
13. Plaintiff continues to experience increased pain from the cervical spondylosis condition which existed prior to the injury by accident. However, there is insufficient convincing evidence of record from which to prove by its greater weight that plaintiff's neck condition was caused by the injury by accident.
14. As a result of the stipulated injury by accident, plaintiff has a thirty-five percent permanent functional impairment of her back. She also has a five percent permanent functional impairment of her shoulder as a result of the injury by accident.
15. Plaintiff has not reached the end of the healing period which resulted from the accident on October 30, 1987. As a result of plaintiff's stipulated injury by accident, she will require continuing medical treatment and monitoring such as may reasonably be required to give relief for the symptoms associated with her condition.
16. As a result of plaintiff's stipulated injury by accident and resulting chronic pain, permanent physical impairment, need for continued medication for control of pain, her age, and limited education and work experience outside the nurses aide field, plaintiff is and remains totally and permanently incapable of earning wages in her employment with defendant-employer or in any other employment.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. As a result of plaintiff's compensable injury by accident on October 30, 1987, and her resulting chronic pain, permanent physical impairment, need for continued medication for control of pain, her age, and limited education and work experience outside the nurses aid field, plaintiff is permanently and totally disabled and is entitled to continue to receive compensation at the rate of $166.93 per week for the remainder of her life, or until defendant-employer obtains permission from the Industrial Commission to cease payment of total and permanent disability compensation, whichever first occurs. N.C. Gen. Stat. § 97-29; Whitley v. ColumbiaLumber Mfg. Co., 318 N.C. 89, 348 S.E.2d 336 (1986); Bridges v.Linn-Corriher Corp., 90 N.C. App. 397, 368 S.E.2d 388 (1988).
2. Plaintiff is entitled to have all medical compensation provided by defendant-employer as a result of her compensable injury on October 30, 1987, for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief and will tend to lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-2(19); N.C. Gen. Stat. § 97-25; N.C. Gen. Stat. § 97-29. Defendant-employer is not responsible for the treatment of the cervical spondylosis or the problems to plaintiff's left hand and wrist, which did not result from the injury by accident.
* * * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
AWARD
1. Defendant-employer shall pay plaintiff permanent and total disability compensation at the rate of $166.93 per week for the remainder of plaintiff's life or until defendant-employer obtains permission from the Industrial Commission to cease payment of compensation, whichever first occurs.
2. Defendant-employer shall provide all medical compensation for expenses incurred or to be incurred by plaintiff as a result of her compensable injury on October 30, 1987, for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability, when bills for the same have been submitted through defendant-employer to the Industrial Commission and approved by the Commission. Defendant-employer shall not be responsible for payment of treatment of plaintiff's neck condition or her left hand and wrist, which were not caused by the injury by accident.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under Paragraph 1 of this AWARD is approved for plaintiff's counsel and shall be paid as follows: every fourth compensation check shall be deducted from the sum due plaintiff and paid directly to plaintiff's counsel. Consideration and designation of this attorney's fee contemplates that counsel for the plaintiff shall continue and is hereby ORDERED to monitor the submission of medical expenses to defendant-employer.
4. Defendants shall pay the costs, including an expert witness fee in the amount of $215.00 to Dr. Todd Chapman.
This case is ORDERED REMOVED from the Full Commission hearing docket.
This the __________ day of ________________________, 1995.
 S/ _________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _________________________ J. RANDOLPH WARD COMMISSIONER
S/ _________________________ COY M. VANCE COMMISSIONER
JHB/nwm 03/30/95