The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Mavretic. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except with the modification of findings of fact numbers 10, 11, and 12 and the addition of conclusion of law number 1.
* * * * * * * * * * *
Following the initial hearing on 14 January 1994, the receipt of the depositions of Dr. Nelson T. Macedo and Dr. J.T. Bloem, the receipt of contentions and proposed Opinions and Award filed by each party, the matter was ready for decision.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing, and in Industrial Commission Form 21, approved by the Commission on June 14, 1990, and in a Pre-Trial Agreement dated January 7, 1994, as:
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. The defendant-employer is self-insured with Crawford and Company being the servicing agent.
4. Plaintiff's average weekly wage was $305.72, yielding a compensation rate of $203.82.
5. On March 12, 1990, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
6. Temporary total disability compensation was paid to plaintiff from March 7, 1990 through October 27, 1990 and from November 12, 1990 through November 4, 1992.
7. Plaintiff returned to work for defendant-employer on October 28, 1990 and became totally disabled on November 12, 1990.
8. The medical records for the plaintiff were stipulated into evidence.
9. The following exhibits were stipulated into evidence:
a. Industrial Commission Form 19 dated April 11, 1990;
b. Industrial Commission Form 21 dated May 24, 1990;
c. Undated Industrial Commission Form 26, approved by the Commission on July 13, 1990;
d. Industrial Commission Form 28 dated December 5, 1990;
e. Industrial Commission Form 26 dated December 5, 1990;
f. Industrial Commission Form 24 dated November 24, 1992 with supporting documentation;
g. Plaintiff's letter dated December 10, 1992, in response to the Industrial Commission Form 24, with supporting documentation;
h. Industrial Commission Form 24 approved by the Commission on December 16, 1992;
i. Letter dated December 30, 1992, from former Chief Claims Examiner, Martha A. Barr, to Crawford and Company.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. At the time of the injury giving rise to this claim, plaintiff was forty-two years old. He attended school through the twelfth grade but did not graduate from high school. Based upon achievement tests, plaintiff has inadequate reading and spelling skills and very limited mathematical skills. He has an IQ of 69.
2. Plaintiff has prior work experience as a garbage collector for the City of Roanoke Rapids for approximately 15 years, as a mechanic and a person who pumped gas at Country Club Exxon for 2 to 3 years, and as a clean-up person at Brown and Root Construction. In 1988 plaintiff began working for defendant-employer as a chicken catcher in Lewiston, which is fifty-five miles from his home in Roanoke Rapids.
3. On March 12, 1990, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer. He was bending over to catch chickens when he felt a pain in his back. As a result of this incident, plaintiff sustained herniated disks at L4-5 and L5-S1 levels.
4. Plaintiff was initially seen by a physician at the Bertie County Rural Health Association in Lewiston following the injury. Thereafter, he was referred to Dr. Nelson Macedo, an orthopaedic surgeon, who performed a hemilaminectomy at L4-5 and L5-S1, with removal of the ruptured disks on July 9, 1990.
5. Plaintiff continued to experience back pain with stiffness and occasional left leg pain following the surgery. He returned to work on October 28, 1990, but was unable to continue to work due to back and left leg pain and was taken out of work by Dr. Macedo on November 12, 1990.
6. On October 15, 1991, Dr. Macedo and Dr. J.T. Bloem, a neurosurgeon, performed a repeat L4-5 hemilaminectomy and fusion at the same site.
7. After the surgery, plaintiff participated in a work hardening program in March of 1992. In June of 1992 a functional capacity evaluation showed that plaintiff could lift 20 pounds on an occasional basis and 10 pounds on a frequent basis. He demonstrated the capacity for light work during this evaluation.
8. As of August 24, 1992, plaintiff had reached maximum medical improvement. As a result of the compensable incident, plaintiff has a thirty percent permanent/functional impairment of his back.
9. Plaintiff was released to return to work by Dr. Macedo as of October 20, 1992. Plaintiff was to return to light duty work, in the position of a filleter and trimmer at the Lewiston plant. Pursuant to Dr. Macedo's instructions, he was to begin by working four hours each day for two weeks and then six hours per day for the following two weeks.
10. Plaintiff was contacted by defendant-employer on November 3, 1992 concerning his return to work. Plaintiff was sick with a cold and experiencing continued back and leg pain and had no available transportation to the Lewiston plant. Defendant-employer agreed to allow plaintiff to begin work on November 5, 1992, on the third shift.
11. Plaintiff did not report to work on November 5, 1992 and did not contact defendant-employer concerning his inability to work for several days. On November 9, 1992, defendant-employer terminated plaintiff for his failure to report to work for three consecutive days. However, because he was ill at that time, had no transportation and was unable to find a ride to work for the fifty-five mile trip to the plant for a four-hour shift which began at 11 o'clock p.m., plaintiff's not reporting to work is excusable under the circumstances.
12. Furthermore, plaintiff's not reporting for this offered position did not constitute a refusal of suitable work.
13. Plaintiff attempted to obtain employment after the termination at the local Employment Security Office. He also sought help getting employment from the Division of Vocational Rehabilitation of the North Carolina Department of Human Resources.
14. The results of the psychological and vocational evaluations administered by Vocational Rehabilitation indicate that plaintiff has limited verbal skills, borderline intellectual functioning with poor skills in reading, spelling and arithmetic; limited work skills and training; limited problem solving skills; and chronic low back and leg pain with limited tolerance for physical activity.
15. As a result of plaintiff's stipulated injury by accident and the resulting chronic pain, his permanent physical impairment, the need for continued medication for control of pain, and his limited education and work experience at anything other than manual labor, plaintiff is and remains totally and permanently incapable of earning wages in his employment with defendant-employer or in any other employment.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
CONCLUSIONS OF LAW
1. Plaintiff's not reporting to work as a trimmer and filleter for defendant-employer which resulted in his termination on 9 November 1992 was excusable under the circumstances and did not constitute a refusal of suitable employment. N.C. Gen. Stat. § 97-32; Peoples v. Cone Mills Corp., 316 N.C. 426,342 S.E.2d 798 (1986).
2. As a result of plaintiff's compensable injury by accident on March 12, 1990, and his resulting chronic pain, permanent physical impairment, need for continued medication for control of pain, low educational level, low job performance skills and general social skills, and his limited work experience other than manual labor, plaintiff is totally and permanently disabled and is entitled to receive compensation at the rate of $203.82 per week beginning December 17, 1992 for the remainder of his life or until defendant-employer obtains permission from the Industrial Commission to cease payment of total and permanent disability compensation, whichever first occurs. N.C. Gen. Stat. § 97-29;Whitley v. Columbia Lumber Mfg. Co., 318 N.C. 89,348 S.E.2d 336 (1986); Bridges v. Linn-Corriher Corp., 90 N.C. App. 397,368 S.E.2d 388 (1988).
3. Plaintiff is entitled to have all medical compensation provided by defendant-employer as a result of his compensable injury on March 12, 1990, for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-2 (19); N.C. Gen. Stat. §97-25; N.C. Gen. Stat. § 97-29.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
AWARD
1. Defendant-employer shall pay plaintiff permanent and total disability compensation at the rate of $203.82 per week beginning December 17, 1992 for the remainder of plaintiff's life or until defendant-employer obtains permission from the Industrial Commission to cease payment of compensation, whichever first occurs.
2. Defendant-employer shall provide all medical compensation for expenses incurred or to be incurred by plaintiff as a result of his compensable injury on March 12, 1990, for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability, when bills for the same have been submitted through defendant-employer and approved by the Commission.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under Paragraph 1 of this AWARD is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump-sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel. Thereafter, every fourth compensation check shall be deducted from the sum due plaintiff and paid directly to plaintiff's counsel. Consideration and designation of this attorney's fee contemplates that counsel for the plaintiff shall continue and is hereby ORDERED to monitor the submission of medical expenses to defendant-employer.
4. Defendant-employer shall pay the costs due this Commission.
 S/ __________________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ __________________ THOMAS J. BOLCH COMMISSIONER
S/ __________________ COY M. VANCE COMMISSIONER