The undersigned have reviewed the Award based upon the record of the proceedings before the Deputy Commissioner.
The appealing party has shown good grounds to reconsider the evidence. However, upon reconsideration of the evidence, the undersigned reach the same facts and conclusions as those reached by the Deputy Commissioner with some minor modifications. Neither party here requested the Full Commission to receive further evidence or to rehear the parties or their representatives. The Full Commission, in their discretion, have determined that there are no good grounds in this case to receive further evidence or to rehear the parties or their representatives, as sufficient convincing evidence exists in the record to support their findings of fact, conclusions of law, and ultimate award.
The undersigned find as fact and conclude as matters of law the following, which were entered into by the parties at the hearing, in a Form 21 Agreement approved by the Industrial Commission on August 12, 1992, and in a Pre-Trial Agreement dated May 19, 1994, as
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Defendant-employer was self-insured, with Alexsis Risk Management Inc., being the administrator.
4. Plaintiff's average weekly wage was $306.25, yielding a compensation rate of $204.17.
5. On February 11, 1992, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer.
6. Plaintiff's medical records and the Functional Capacity Evaluation dated March 1, 1994, were stipulated into evidence.
7. Pursuant to the Form 21 Agreement, plaintiff was paid temporary total disability benefits from February 11, 1992 through August 31, 1993.
8. Plaintiff has been out of work from February 11, 1992 through the date of the hearing, with the exception of a brief period of time when he worked at McDonald's.
RULINGS ON EVIDENTIARY MATTERS
The objections raised by counsel at the deposition of Dr. James Serene are ruled upon in accordance with the applicable provisions of the law and the Opinion and Award in this case.
* * * * * * * * * * *
The Full Commission adopt as their own all findings of fact found by the Deputy Commissioner, with minor modifications to Findings of Fact Numbers 9 and 10, as follows:
Based upon the competent and convincing evidence adduced at the hearing, the undersigned make the following additional
FINDINGS OF FACT
1. At the time of the hearing in this matter, the plaintiff was 73 years old. He completed the second grade and is unable to read or write except for his name. Plaintiff also has a hearing impairment. His prior work experience included farming and cutting logs since 1939.
2. Plaintiff began working for defendant-employer in February, 1992, cutting logs with a power chainsaw. On February 11, 1992, plaintiff sustained an injury by accident arising out of and in the course of his employment with defendant-employer when a co-worker ran over his right leg with a piece of machinery. As a result of the compensable accident, plaintiff had fractures of the right tibia and fibula.
3. Plaintiff was treated by Dr. James Serene at Davis Community Hospital. Dr. Serene performed open reduction surgery on plaintiff's right leg, and plaintiff was discharged from the hospital on February 17, 1992. From February 20, 1992, through August 26, 1992, plaintiff continued to be treated by Dr. Serene.
4. As of January 6, 1993, plaintiff had reached maximum medical improvement. As a result of the compensable accident, plaintiff has a ten percent permanent functional impairment of his right leg.
5. As the result of the compensable accident, plaintiff is unable to return to his previous job as a log cutter. Plaintiff was released to return to full-time employment on June 14, 1993, with restrictions of no lifting, pulling, pushing or carrying over ten pounds. As a result of the compensable accident, plaintiff continues to experience right leg pain and has some bony deformity of the leg.
6. Defendant-employer provided vocational rehabilitation assistance to plaintiff in order to locate suitable employment within his restrictions. On August 16, 1993, the Industrial Commission ordered plaintiff to comply with vocational rehabilitation provided by defendant-employer.
7. In September 1993 plaintiff began work as a maintenance worker at McDonald's, a job which had been found for him by the vocational coordinator. The position was approved by Dr. Serene and required a 4 hour work day, sweeping the yard and the parking lot, some standing and walking, stooping, bending, but no lifting. After the second day, plaintiff began to experience increased pain and swelling in his right leg. He worked seven days before quitting this job. Upon his return to Dr. Serene on October 7, 1993, plaintiff was taken permanently out of work. In the opinion of the undersigned, plaintiff was justified in his refusal to continue working at this offered position, given his increased pain.
8. Defendant-employer resumed job placement activities in early 1994. A Functional Capacity Evaluation was done by The Rehab Center in Charlotte on March 1, 1994, which revealed that plaintiff could perform light duty work including lifting twenty pounds infrequently and ten pounds or less frequently. Dr. Serene further restricted plaintiff's employment to standing no more than thirty minutes at a time, for not more than 4 hours in an 8 hour day.
9. In April 1994, plaintiff failed to attend three scheduled rehabilitation meetings with his vocational coordinator, and failed to apply for a part-time job as a greeter at Wal-Mart and a part-time job as a salad bar and dining room attendant at Wendy's. Both positions were approved by Dr. Serene from a medical standpoint only. As Dr. Serene later acknowledged in deposition, it was his opinion that plaintiff should be permanently off of work.
10. As a result of plaintiff's compensable injury by accident and the resulting pain, his permanent physical impairment, his very limited education, no work experience at anything other than manual labor, his advanced age, his hearing impairment, it would be futile for plaintiff to attempt to find work at this time. Therefore, plaintiff is and remains totally and permanently incapable of earning wages in his employment with defendant-employer or in any other employment.
* * * * * * * * * * *
Based upon the findings of fact as found by the Deputy Commissioner and adopted by the Full Commission, the Full Commission find as follows:
CONCLUSIONS OF LAW
1. As a result of plaintiff's compensable injury by accident on February 1, 1992, and his resulting pain, his doctor's opinion as to his work status, his permanent physical impairment, his very limited education, his advanced age, his hearing impairment, no work experience at anything other than manual labor, and the futility of his efforts as a result of the above-mentioned factors, plaintiff is totally and permanently disabled and is entitled to receive compensation at the rate of $204.17 per week beginning September 1, 1993, for the remainder of his life or until defendant-employer obtains permission from the Industrial Commission to cease payment of total and permanent disability compensation, whichever first occurs. N.C. Gen. Stat. § 97-29; Whitley v. Columbia Lumber Mfg.Co., 318 N.C. 89, 348 S.E.2d 336 (1986); Bridges v. Linn-CorriherCorp., 90 N.C. App. 397, 368 S.E.2d 388 (1988); Russell v. LowesProduct Dist. 108 N.C. App. 762, 425 S.E.2d 454 (1993).
2. Plaintiff is entitled to have all medical compensation provided by defendant-employer as a result of his compensable injury on February 11, 1992, for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability. N.C. Gen. Stat. § 97-2 (19); N.C. Gen. Stat. § 97-25; N.C. Gen. Stat. § 97-29.
* * * * * * * * * * *
Based upon these conclusions of law, the Full Commission have determined there exists no basis for amending the Award. Accordingly, the foregoing stipulations, findings of fact, and conclusions of law engender the following:
AWARD
1. Defendant-employer shall pay plaintiff permanent and total disability compensation at the rate of $204.17 per week beginning September 1, 1993 for the remainder of plaintiff's life or until defendant-employer obtains permission from the Industrial Commission to cease payment of compensation, whichever first occurs. Amounts which have accrued shall be paid to plaintiff in a lump sum, subject to the attorney's fee approved below.
2. Defendant-employer shall provide all medical compensation for expenses incurred or to be incurred by plaintiff as a result of his compensable injury on February 11, 1992, for so long as such examinations, evaluations, and treatments may reasonably be required to effect a cure, or give relief, and will tend to lessen plaintiff's period of disability, when bills for the same have been submitted through defendant-employer and approved by the Commission.
3. A reasonable attorney's fee of twenty-five percent of the compensation due plaintiff under Paragraph 1 of this AWARD is approved for plaintiff's counsel and shall be paid as follows: twenty-five percent of the lump sum due plaintiff shall be deducted from that sum and paid directly to plaintiff's counsel. Thereafter, every fourth compensation check shall be deducted from the sum due plaintiff and paid directly to plaintiff's counsel. Consideration and designation of this attorney's fee contemplates that counsel for the plaintiff shall continue and is hereby ORDERED to monitor the submission of medical expenses to defendant-employer.
4. Defendant-employer shall pay the costs.
This case is ORDERED REMOVED from the Full Commission hearing docket.
This the __________ day of ________________________, 1995.
 S/ ___________________________ J. HOWARD BUNN, JR. CHAIRMAN
CONCURRING:
S/ _______________________ THOMAS J. BOLCH COMMISSIONER
S/ _______________________ BERNADINE S. BALLANCE COMMISSIONER
JHB/nwm 07/31/95