The deposition of Dr. Richard Goldner was taken in Durham on 3 November 1994, and submitted to the Commission. The parties subsequently supplemented the record by inclusion of clinic records from Duke Medical Center covering plaintiff's visits from 30 June 1992 through 6 September 1994 (18 pages). The record was closed and the parties were allowed time to submit a proposed Opinion and Award and their respective contentions.
* * * * * * * * * * * * * *
The Full Commission reviewed the prior Opinion and Award based on the record of the proceedings before then Deputy Commissioner Bernadine S. Ballance and the briefs and oral arguments before the Full Commission. Defendants, by their assignments of error, have not shown good ground to reconsider the evidence, receive further evidence or to amend the Opinion and Award. Plaintiff, however, has shown good ground to reconsider the evidence with respect to his assignments of error. Upon reconsideration of said evidence, the Full Commission reverses, in part, the prior Opinion and Award and enters the following Opinion and Award.
* * * * * * * * * * * * * *
The Full Commission finds as facts and concludes as matters of law the following which were agreed upon by the parties in the Pre-Trial Stipulations and at the hearing as:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. An employer-employee relationship existed between plaintiff and defendant-employer on 26 June 1992.
3. Defendant-carrier, Travelers Insurance Company, was the carrier on the risk on 26 June 1992.
4. Defendants paid medical expenses and temporary total disability benefits from 27 June 1992 through 26 December 1992.
* * * * * * * * * * * * * *
The Full Commission rejects in part the findings of fact found by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. On 26 June 1992, plaintiff, who was employed by defendant-employer as a CATV (Cable Television) Lineman, was injured when he slipped and fell from the back of defendant-employer's bucket truck onto the ground, causing a fracture to his left arm at the elbow. Plaintiff's fall and resulting injury was an unanticipated interruption of his normal work routine.
2. Plaintiff was immediately taken to the Person County Memorial Hospital Emergency Room where he was examined by Dr. Scott A. Luking, ER physician on duty, and Dr. Billy Garrett, a visiting orthopedic surgeon from Duke Medical Center. Following x-rays and further examination, plaintiff was transported the same day to Duke Medical Center for follow-up treatment on the recommendation of Dr. Garrett. Thereafter, plaintiff was followed at Duke by Dr. Garrett and Dr. Richard Goldner.
3. Plaintiff and defendants entered into a Form 21 agreement dated 28 October 1992, wherein defendants accepted liability for payment of medical compensation and temporary total disability compensation for necessary weeks at a rate subject to change pending verification of plaintiff's wages. Defendants did not submit the signed Form 21 agreement to the Industrial Commission for approval. Since defendants failed to submit the signed Form 21 to the Commission they are not entitled to any credit for disability payments to the plaintiff made pursuant to the agreement. By not filing the Form 21 with the Commission, the defendants attempted to avoid the Commission's Form 24 procedure.
4. Plaintiff earned $4.50 per hour and an additional sum of $4.50 per hour for travel plus overtime. During a 5-day period ending 25 June 1992, including overtime, plaintiff earned a total of $393.75. During a 2-day period ending 18 June 1992, plaintiff earned a total of $144.00 for 16 hours work. Due to the unavailability of earnings information for the 52 weeks prior to plaintiff's injury, his average weekly wage is fairly and reasonably calculated to be $360.00 for a 40 hour week based on his employment agreement with defendant-employer establishing a rate of $9.00 per hour, including travel allowance, with a corresponding compensation rate of $240.12 per week.
5. Defendants paid for plaintiff's medical treatment and paid compensation for temporary total disability from 27 June 1992, through 26 December 1992, when they terminated all medical and indemnity compensation benefits without prior notice. Defendants did not file a Form 24, Application of Employer or Carrier to Stop Payment, or otherwise comply with Rule 404 before terminating plaintiff's benefits.
6. On 24 February 1993, defendant-carrier wrote plaintiff advising him his benefits would be stopped. On 12 March 1993, defendants filed I.C. Form 28B with the Commission acknowledging its payment of medical and compensation for temporary total disability to plaintiff for 26 weeks. Plaintiff's ongoing treatment by Dr. Goldner, including recommended arthroscopic surgery, was terminated as a result of defendants' action. Plaintiff submitted a Form 33 request for hearing and a Motion for Reinstatement and Sanctions under Rule 802.
7. Following the hearing in Oxford and while the record remained open for receipt of additional medical evidence, plaintiff was seen by Dr. Goldner on 6 September 1994, who recommended that his treatment resume, including use of a Dynasplint to improve extension of the elbow and arthroscopic surgery to further investigate intra-articular irregularities present by x-ray in the elbow joint, in an effort to achieve maximum medical improvement.
8. No weight or credibility is accorded to the evidence presented by defendants purporting to show that plaintiff's injury did not occur as described above. Sherry Dickerson, the witness who testified that plaintiff told her he had injured his arm on the night before his accident, is the same person who verified plaintiff's Form 18 Notice of Accident and Claim as a witness. She also telephoned plaintiff's family members in Virginia on the day of the accident to inform them that he had been injured. The evidence presented by plaintiff, testimony from a disinterested lay witness who was present at the time of his injury, and stipulated medical records, including the uncontradicted opinion of the emergency room physician who saw him immediately after the injury, support a finding that plaintiff sustained an injury by accident as described in Finding of Fact No. 1 above.
9. Defendants offered no eyewitnesses or expert medical testimony to refute the testimony of plaintiff and other disinterested lay and medical witnesses that he sustained his injury as alleged. They have offered no credible witnesses to support their contentions that plaintiff filed a fraudulent claim.
10. As a proximate result of his injury by accident, plaintiff has been unable to return to his former job or any other employment which would require lifting and climbing or other activities involving strenuous use of his left upper extremity. He has remained temporarily totally disabled from the date of his injury through the date of his last examination by Dr. Goldner on 6 September 1994, and continuing until his wage-earning capacity is restored or he otherwise experiences a change of condition.
11. Plaintiff is in need of continuing medical care and treatment of his injury in order to effect a cure or provide relief from his symptoms.
12. Defendants are not entitled to any credit for compensation paid to plaintiff pursuant to the Form 21 agreement entered into by the parties because defendants wrongfully failed to file said agreement with he Commission, thereby attempting to avoid the Commission's Form 24 procedure.
13. Defendants did not have reasonable ground to defend this action since they had accepted liability by the signing of a From 21. Plaintiff's attorney is thus entitled to a reasonable attorney fee of $1,000.00 for the initial hearing pursuant to G.S. § 97-88.1 and to a reasonable attorney fee of $500.00 for the appeal pursuant to G.S. § 97-88.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On 26 June 1992, plaintiff sustained a compensable injury by accident arising out of and in the course and scope of his employment with defendant-employer when he slipped and fell from the back of defendant-employer's bucket truck onto the ground, causing injury to his left arm. N.C. Gen. Stat. §97-2(6).
2. Plaintiff's average weekly wage based on his earnings and other compensation in lieu of wages paid to him by defendant-employer is $360.00. His compensation rate is $240.12 per week. N.C. Gen. Stat. § 97-2(5).
3. Plaintiff is and has remained temporarily totally disabled since 26 June 1992 through the date of hearing and continuing until he returns to work, or further orders of the Industrial Commission. N.C. Gen. Stat. § 97-29; Watkins v. MotorLines, 279 N.C. 132, 181 S.E.2d 588(1971); Bridges v.Linn-Corriher Corp., 90 N.C. App. 397, 368 S.E.2d 388, disc. reviewdenied, 323 N.C. 171, 373 S.E.2d 104(1988); Kennedy v. DukeMedical Center, 101 N.C. App. 24, 398 S.E.2d 677(1990).
4. Defendants are before the Full Commission with "unclean hands" because they intentionally failed to file the Form 21 with the Commission in a attempt to circumvent Industrial Commission rules designed to prevent just this type of abuse. Therefore, defendants' are not entitled to credit, which they would have been had they followed Commission procedure, for payments made to plaintiff for 26 weeks.
5. Defendants' acceptance of liability for plaintiff's claim by entering into a Form 21 agreement and payment of compensation for temporary total disability to him for 26 weeks as reported to the Industrial Commission, and its acknowledgment of such payments for temporary total disability on its Form 28B submitted to the Industrial Commission establish the liability of defendants by equitable estoppel. Defendants' acceptance of plaintiff's claim requires them to continue payment of compensation to him for necessary weeks during his temporary total disability. Plaintiff is entitled to a legal presumption that his disability, once established, continues until such time as defendants produce evidence that he has returned to work or has otherwise experienced a change of condition calling for a change in his temporary disability status. Parker v. Thompson-ArthurPaving Co., 100 N.C. App. 367, 396 S.E.2d 626(1990).
6. Plaintiff is in need of ongoing medical care and treatment of his injury in an effort to effect a cure or give relief from his symptoms. N.C. Gen. Stat. § 97-25; 97-25.1;Little v. Penn Ventilator, 317 N.C. 206, 345 S.E.2d 204 (1986).
7. Defendants' failure to submit the Form 21 agreement to the Commission for approval and their unilateral termination of plaintiff's compensation without notice or the filing of Form 24, constitute bad faith violations of the Act and the Rules of the Commission. Pursuant to this Opinion and Award and under the doctrine of equitable estoppel, defendants ceased payments without approval when were due under the Form 21 in question. Specifically, defendants failed to make payment of compensation more than 14 days after the installments were due. This conduct subjects defendants to a 10% penalty on all unpaid compensation due the plaintiff. N.C. Gen. Stat. § 97-82; N.C. Gen. Stat. §97-18(e); Rule 404, Rule 802.
8. Plaintiff's attorney is entitled to a reasonable attorney fee of $1,000.00 pursuant to G.S. § 97-88.1 for the initial hearing and to a reasonable attorney fee of $500.00 pursuant to G.S. § 97-88 for the appeal.
* * * * * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reverses in part and affirms in part the holding of the Deputy Commissioner and enters the following:
AWARD
1. Subject to attorney's fee hereinafter awarded, defendants shall pay compensation to plaintiff at the rate of $240.12 per week from 26 June 1992 through the date of his last medical examination on 9 September 1994 and continuing for as long as he remain temporarily totally disabled. All sums which have accrued shall be payable in a lump sum, not to be commuted, with credit taken for compensation previously paid during the 26 weeks following plaintiff's injury by accident.
2. Defendants shall pay all expenses for medical treatment of plaintiff's injury, including medical travel, when bills for the same have been submitted to defendant-carrier and approved pursuant to procedures established by the Industrial Commission.
3. Defendants shall pay a penalty of 10% to plaintiff on all compensation awarded hereunder for violations of the Act and Rules of the Industrial Commission.
4. An attorney's fee in the amount of twenty-five percent (25%) of all compensation due plaintiff herein, pursuant to his agreement with his attorney is approved as reasonable and ordered paid to plaintiff's attorney directly.
5. Defendants shall pay a reasonable attorney fee of $1,000.00 to plaintiff's attorney pursuant to G.S. § 97-88.1 and shall pay a reasonable attorney fee of $500.00 to plaintiff's attorney pursuant to G.S. § 97-88.
6. Defendants shall pay the costs.
* * * * * * * * * * * * * *
ORDER
Before the Full Commission defendants renewed their Motion For Additional Evidence, specifically the deposition of a lay witness. After careful consideration defendants' Motion is DENIED.
S/ _______________________ THOMAS J. BOLCH COMMISSIONER CONCURRING:
S/ _______________________ COY M. VANCE COMMISSIONER
S/ _______________________ WILLIAM L. HAIGH CHIEF DEPUTY COMMISSIONER