The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jan N. Pittman and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
* * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time of the injury giving rise to this claim, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. At such time, an employment relationship existed between plaintiff and defendant-employer.
3. Cigna was the compensation carrier on the risk.
4. Pursuant to the Form 21 Agreement approved by the Commission on April 14, 1992, plaintiff's average weekly wage was $582.35 yielding a compensation rate of $388.25 per week.
5. Plaintiff's injury by accident occurred on November 1, 1991.
6. Plaintiff's medical records were stipulated into evidence.
* * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a 58 year old married male with a GED certificate who has attended college studying accounting for one and one-half years. Plaintiff worked for defendant-employer for ten years prior to his admittedly compensable injury occurring on November 1, 1991. Plaintiff previously had worked for defendant-employer's predecessor for six years for a total of 16 years at the plant. Plaintiff is a Vietnam veteran and remained active in the Army Reserves prior to his injury.
2. On or about November 1, 1991, plaintiff was employed by defendant-employer as a chemical operator and insulator. His job duties included opening and closing numerous and variable sized process valves; climbing stairs to reach certain areas of the process; standing at the control panels; walking around the plant to monitor storage tanks and switching process flows to various tanks or trucks; weighing trucks; monitoring number two plant operations and making adjustments as needed to maintain efficient operations; lifting in excess of 50 pounds; bending over rail cars and tanks trucks to obtain samples; as well as annual maintenance turn-around duties and insulation work.
3. Plaintiff sustained an admittedly compensable injury by accident arising out of and in the course of his employment with defendant-employer on November 1, 1991 when he sat down in a chair and the back of the chair came off, causing him to fall backwards and catch on a metal prong at the middle of his left lower back as he fell to the floor. Plaintiff sustained pneumothorax, collapsed lung, three fractured ribs and injured his head, neck and back. Following his injury, plaintiff came under the care of Dr. Kragh, a neurologist. Dr. Kragh excused plaintiff from engaging in work activities and plaintiff was also placed on leave by the Army Reserve awaiting medical discharge as a result of his injuries.
4. Plaintiff had reached maximum medical improvement as regards his pneumothorax and fractured ribs as of November 8, 1991 and November 1992, respectively. As a result of his rib injury, plaintiff has sustained a 10% permanent partial disability to his ribs due to the continuing pain that he experiences in that area.
5. As regards plaintiff's complaints of neck, low back and hip pain, testing consisting of MRI's and myelograms has failed to reveal evidence of significant cord or nerve root compression. The bone scan was likewise negative. However, said testing does reveal evidence of pre-existing cervical disc disease and stenosis as well as bulging discs at the T12-L1 level and L5-S1 level. The injury plaintiff sustained on November 1, 1991 aggravated plaintiff's pre-existing cervical condition resulting in chronic neck, shoulder and upper extremity pain. Furthermore, as a result of said injury, plaintiff sustained a lumbar strain.
6. While plaintiff had pre-existing vascular disease, plaintiff was not impotent prior to the injury of November 1, 1991. Following the injury of November 1, 1991, plaintiff has been impotent and said impotence is a result of the injury plaintiff sustained on or about November 1, 1991. However, the medical evidence of record fails to address the issue of whether said condition is permanent in nature.
7. As of September 1992, plaintiff's back condition had reached maximum medical improvement and plaintiff has sustained a 10% permanent partial disability to his cervical spine and a 5% permanent partial disability to his lumbar spine as a result of the injury by accident giving rise hereto.
8. Plaintiff continues to be treated by Dr. Kragh for his complaints of pain. Conservative treatment continues to be recommended for plaintiff's complaints, consisting of undergoing a fitness program and massage therapy. Said treatment tends to offer the plaintiff relief.
9. Due to the permanent impairment plaintiff has sustained, plaintiff is unable to engage in activities requiring lifting greater that 25 to 30 pounds on a frequent basis. Plaintiff should also avoid significant climbing, squatting or crouching which tends to increase plaintiff's pain. However, plaintiff retains the capacity to drive continuously for approximately one hour, to stand for approximately 45 minutes and sit for approximately 45 minutes without experiencing pain as evidenced by his testimony and his ability to engage in activities such as: driving to Wilmington, cleaning his dog pen and caring for his dogs, and completing his exercise regimen at the fitness center.
10. In June 1993, defendant-employer offered to re-employ plaintiff as a part-time insulator/operator without any modification of his job duties to accommodate his restrictions. Since this position was not within plaintiff's physical capacity, his refusal to accept the proffered position was justified.
11. Since attainment of maximum medical improvement, defendant-employer has not provided plaintiff with a position compatible with his physical restrictions. When considering plaintiff's age, education, work history, transferable skills and physical capacity, plaintiff does retain the ability to engage in work activities, specifically of a sedentary to light nature; however, defendants have presented no evidence that plaintiff could have obtained a job within his capacity. In fact, the only vocational evidence of record reveals that plaintiff fully cooperated with the vocational efforts provided to him by defendants, which were unsuccessful in locating employment for plaintiff.
* * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. If an injured employee refuses employment procured for him which is suitable to his capacity, he is not entitled to any compensation at any time during the continuance of such refusal, unless in the opinion of the Commission such refusal is justified. In the opinion of the undersigned, plaintiff's refusal to accept the employment offered to him by defendant-employer in June 1993 was justified. N.C. Gen. Stat. § 97-32.
2. Plaintiff is entitled to continuing temporary total disability compensation benefits at the rate of $388.25 per week subject to a change in condition, return to work or further Order of the Industrial Commission. N.C. Gen. Stat. § 97-29; Bridgesv. Linn-Corriher Corp., 90 N.C. App. 397, 368 S.E.2d 388, cert.denied, 323 N.C. 171, 373 S.E.2d 104 (1988).
3. Plaintiff is entitled to have defendants provide all medical treatment arising from this injury by accident, including the treatment rendered plaintiff by professional fitness consultants and their massage therapist. N.C. Gen. Stat. § 97-25.
* * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay compensation to plaintiff at the rate of $388.25 per week continuing subject to a change in condition, return to work or further Order of the Industrial Commission for the temporary total disability plaintiff has sustained as a result of the injury by accident giving rise hereto.
2. Defendants shall pay all medical expenses incurred by plaintiff as a result of this injury by accident.
3. An attorney's fee in the amount of 25% of the compensation awarded herein is hereby approved for plaintiff's counsel and every fourth check of compensation benefits payable to plaintiff shall be forwarded to counsel for plaintiff until plaintiff is no longer entitled to compensation benefits.
4. Defendants shall pay an expert witness fee in the amount of $480.00 to Dr. Kragh, if same has not already been paid.
5. Defendants shall pay the costs.
 S/ _________________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ ____________________ BERNADINE S. BALLANCE COMMISSIONER
S/ ____________________ J. RANDOLPH WARD COMMISSIONER
LKM/bjp