I respectfully dissent from the majority Opinion and Award in this case reversing the Deputy Commissioner's denial of plaintiff's claim for a change of condition and would vote to affirm the Opinion and Award of Deputy Commissioner Dollar in this case.
Plaintiff worked for defendant-employer, who was involved in the manufacture of bedroom slippers, for twenty years from 1969 through 1989 and she worked most recently as a "sew vamp on sole operator". In an Opinion and Award filed 29 July 1991, Deputy Commissioner Nance found plaintiff to be disabled due to the aggravation of her respiratory condition as a result of her employment with defendant-employer from 4 May 1989 until 5 June 1989. In addition, Deputy Commissioner Nance found that plaintiff had failed to prove that she was incapable after 13 June 1989 of earning the same wages in any other employment which would not expose her to respiratory irritants.
Plaintiff suffers from various respiratory conditions. For example, she has a family history of allergies and suffers from allergic rhinitis, asthma, and chronic obstructive pulmonary disease (COPD). Moreover, plaintiff has a 26-year history of smoking one and one-half packs of cigarettes per day. Although plaintiff did not work directly with any chemicals and her respiratory conditions were not directly caused by her work with defendant-employer, her indirect exposure was sufficient to aggravate her pre-existing respiratory problems while she was at work and to place her at an increased risk. However, since 13 June 1989 plaintiff has been capable of earning the same or greater wages in any employment that does not expose her to respiratory irritants. Nevertheless, plaintiff did not seek any employment through the date of the first hearing with Deputy Commissioner Nance. Plaintiff now alleges in her attempt to prove a change of condition that she has now made a reasonable effort to obtain employment after having failed to do so in the past. Plaintiff may not satisfy her burden of proof that she has undergone a change of condition attributable to her employment by now demonstrating she has made reasonable efforts to obtain employment while, in actuality, her inability to obtain employment was due to the fact that employers were not hiring or did not respond to her attempts.
In order to prove a change of condition attributable to her employment, plaintiff must first show that her physical capacity to earn wages has been affected. Although plaintiff's condition has worsened, it is not clear from Dr. Yount's testimony whether he believes she cannot work because her condition has worsened or if his opinion has changed simply because she has been unable to locate employment. In addition, her inability to obtain employment was not due to her respiratory problems in that the reasons given by potential employers for not hiring her were unrelated to her physical condition and were instead related to the situation of the particular employer such as the employers were "not hiring", "not taking applications", or "no respond". Although the majority cites Bridges v. Linn-Corriher Corp.,90 N.C. App. 397, 368 S.E.2d 388, cert. denied, 323 N.C. 171,373 S.E.2d 104 (1988) which states "A capable job seeker whom no employer needing workers will hire is not employable" to support the conclusion that plaintiff is not employable in any employment, they over-look the key words "employer needing workers". (emphasis added) In the case at hand, plaintiff was rejected by employers that did not need workers and therefore plaintiff is still capable of any employment not involving respiratory irritants.
Even if plaintiff has undergone a change of condition, her change of condition is not due to her employment with defendant-employer. Even with a change of condition, in order to receive compensation for disability, an employee must prove that the incapacity to earn wages was caused by the employment.Hendrix v. Linn-Corriher Corp., 317 N.C. 179, 35 S.E.2d 374
(1986). In the case at hand, there is insufficient evidence of record to prove that plaintiff's present condition is attributable to her prior exposure to respiratory irritants at work with defendant-employer. The issue of causation was addressed at the initial hearing before Deputy Commissioner Nance and in her Opinion and Award which stated "In 1989 the symptoms which plaintiff was experiencing were diagnosed as allergic rhinitis, asthma, and chronic obstructive pulmonary disease. None of these were caused by plaintiff's employment". The aggravation of plaintiff's conditions was specific to the time period during which she worked for defendant-employer. Her symptoms were temporarily exacerbated while she was at work but ameliorated or resolved when she was not at work. There was no permanent increase of plaintiff's underlying pre-existing respiratory problems attributable to her employment with defendant.
A more plausible explanation of plaintiff's deterioration is her pre-existing respiratory problems, her history of smoking, and her heart condition. Plaintiff's condition worsened when she was no longer exposed to irritants at work and when she was still suffering from pre-existing respiratory problems and she continued to smoke.
In view of the foregoing, there is insufficient evidence of record to prove that plaintiff has undergone a change of condition attributable to her employment with defendant employer.
 S/ _________________________ DIANNE C. SELLERS COMMISSIONER