***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Jones and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Jones with modifications.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner and in a Pre-Trial Agreement as:
 STIPULATIONS
1. The parties are bound by and subject to the North Carolina Workers' Compensation Act.
2. At all relevant times, an employment relationship existed between plaintiff and defendant-employer.
3. American Interstate Insurance Company is the carrier on risk.
4. The date of the injury was April 11, 1999, at which time plaintiff sustained injuries to his neck and torso.
5. Plaintiff has not attempted to return to work since the time of his injury.
6. Plaintiff's medical records were stipulated into evidence asStipulated Exhibit 1.
7. Vocational Rehabilitation records were stipulated into evidence asStipulated Exhibit 2.
8. Industrial Commission Forms and filings relating to this case were stipulated into evidence as Stipulated Exhibit 3.
9. The issues before the Full Commission are: (i) whether plaintiff is totally and permanently disabled; (ii) whether vocational rehabilitation is appropriate in this case; (iii) whether plaintiff's compensation should be terminated as result of his failure to comply with vocational rehabilitation; (iv) what is the average weekly wage in this case; and (v) whether defendants are entitled to recover for any overpayments that have been made to plaintiff if it is determined that compensation should be terminated.
 *********** EVIDENTIARY RULINGS
The objections raised in the depositions of Lewis Drumm, M.A., CRC, CCM, QRP, Essam Eskander, M.D., James D. Hundley, M.D., and David Harris, are OVERRULED.
Plaintiff's motion for sanctions is DENIED.
 ***********
Based upon all the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 51 years old and had lived in Columbus County the greater portion of his life. Plaintiff has an eighth grade education and does not have a driver's license. He has worked in the steel industry since he was 18 years old and has no other practical work experience.
2. Plaintiff has no additional certification or training that would enable him to obtain employment in other areas. Plaintiff does not have any computer, telephone, telemarketing, or sales skills.
3. Plaintiff is a hard working individual and has always been placed in physically demanding positions. His personality could be characterized as gruff.
4. On April 11, 1999, plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer when he fell a great distance to the ground. As a result of this injury, plaintiff sustained 29 broken bones, including a shattered left shoulder, a laceration of his spleen, injury to his right eye socket, and two broken wrists. Additionally, plaintiff suffers from arthritis caused by the fractures sustained in the accident on the job. Consequently, daily narcotic pain medication is necessary to deal with this condition and plaintiff should not drive because of this necessary narcotic pain medication. Due to plaintiff's pain, he is unable to perform prior activities, such as working around his house and yard.
5. Plaintiff has been paid temporary total disability in the amount of $560.00 per week since the time of his injury in 1999.
6. Plaintiff's workers' compensation rate is correctly based upon his prior earnings with defendant-employer. Defendants' contention that plaintiff's average weekly wage should be computed based upon wages of an allegedly similar employee is without merit.
7. Plaintiff has received extensive medical treatment from James D. Hundley, M.D., and Essam Eskander, M.D., his principal treating physicians. Plaintiff has also received other treatment from additional health care providers.
8. Dr. Hundley released plaintiff with a thirty (30%) permanent partial disability rating to his left upper extremity and a ten (10%) permanent partial disability to his left wrist. Dr. Hundley indicated plaintiff has permanent restrictions, which include no climbing or repetitive work with his upper extremities. Plaintiff has a permanent lifting restriction of no more than 30 pounds.
9. Plaintiff has experienced chronic pain in his shoulder and wrists since the time of his injury. He has been informed by his treating physicians that most likely this pain will not subside and is something he will have to become accustomed to for the rest of his life. It is necessary for plaintiff to take narcotics on a daily basis to deal with the pain caused by his compensable injuries and resulting arthritis.
10. Essam Eskander, M.D., has been treating plaintiff for pain management and for other medical conditions including esophageal reflux, heartburn, high blood pressure, diabetes, emphysema, and shortness of breath resulting from pulmonary problems.
11. The totality of plaintiff's extensive medical records indicated plaintiff is extremely restricted regarding his physical abilities to pursue employment.
12. Three vocational rehabilitation counselors have been working with plaintiff over a period of years. Plaintiff has used good faith efforts to work with the vocational rehabilitation counselors, and has submitted applications and pursued job opportunities as directed.
13. In spite of these efforts, plaintiff has been unable to obtain employment through vocational rehabilitation because of his compensable injuries.
14. Plaintiff's vocational rehabilitation counselor for the longest period of time has been Lewis Drumm. Mr. Drumm has indicated there are four items that appeared to make it difficult to locate suitable employment for plaintiff. These items are: (1) education through only the eighth grade; (2) lack of a driver's license; (3) restrictions limiting plaintiff's work to a light physical demand category; and (4) all his work experience having been heavy labor in the steel field. The Full Commission also finds that the required daily use of narcotics is a job-limiting factor.
15. Mr. Drumm has indicated plaintiff was sent to a telemarketing job that paid $6.00 an hour. Taking all of plaintiff's circumstances and capabilities into consideration, Mr. Drumm does not feel plaintiff is suitable for a customer service type job in telemarketing. The Full Commission finds that telemarketing is not a suitable job for plaintiff considering his educational background, work experience and temperament.
16. Due to his compensable injuries, plaintiff has not been able to obtain any gainful employment of any kind since March 13, 2001.
17. When plaintiff went for an interview with the telemarketing job, plaintiff was extremely frustrated in that he did not feel this was an appropriate job based upon his education levels and prior work experience. Plaintiff expressed his frustration in inappropriate language; however, this language was reflective of the circumstances and not of plaintiff's lack of good faith efforts to comply with vocational rehabilitation.
18. The telemarketer job in question is a highly volatile job in which there is high turnover. Having fully reviewed plaintiff's educational background and work experiences, the Full Commission finds that plaintiff does not have the necessary skills or aptitude to be successful as a telemarketer.
19. Due to the conditions and circumstances arising from plaintiff's injury by accident, plaintiff has been unable to obtain wages in the same or in any other employment comparable to those he earned prior to his injury. Plaintiff has put forth good effort over a period of years and yet has been unable to find employment.
20. Plaintiff is permanently and totally disabled.
21. Plaintiff is in substantial need of future medical treatment and maintenance relating to the health conditions that resulted from his injury by accident.
22. Plaintiff will not benefit from further vocational rehabilitation.
23. At a Form 24 proceeding previously decided by Special Deputy Commissioner Elizabeth "Lacy" M. Maddox, cessation of benefits was appropriately denied.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission reaches the following additional:
 CONCLUSIONS OF LAW
1. Plaintiff sustained a compensable injury by accident arising out of and in the course of his employment with defendant-employer on April 11, 1999. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff's average weekly wage supports a workers' compensation rate of $560.00 per week. The first statutory method of calculating average weekly wage cannot be used in this case since plaintiff did not work for Harris Steel Erectors for 52 consecutive weeks. However, the second method can be used and is fair to both parties: "Where the employment prior to the injury extended over a period of less than 52 weeks, the method of dividing the earnings during that period by the number of weeks and parts thereof during which the employee earned wages shall be followed; provided, results fair and just to both parties will be thereby obtained." In the present case, plaintiff worked twelve days, which is 1 and 5/7ths weeks. Based on the Form 22 submitted by defendants, plaintiff earned $1,640.00 during that time. This earning amounts to an average weekly wage of $956.67, which would yield the maximum compensation rate of the year of injury of $560.00. There was insufficient evidence of record to show that the use of the second method would be unfair to either party. N.C. Gen. Stat. § 97-2(5).
3. Based upon plaintiff's physical conditions resulting from his compensable injuries (including required daily use of narcotics), educational background and work experiences, plaintiff is permanently and totally disabled. N.C. Gen. Stat. § 97-29; Niple v. Seawell Realty Ind. Co., 88 N.C. App. 136, 362 S.E.2d 572 (1987). In Knight v.Wal-Mart Stores, Inc., 149 N.C. App. 1, 6, 562 S.E.2d 434, 438 (2002), the Court held that the Commission must consider not only the plaintiff's physical limitations, but also the testimony about pain in determining the extent of the plaintiffs incapacity to work and earn wages. Id.
4. Defendants have failed to prove by the greater weight of the evidence that plaintiff failed to exert good faith efforts to find employment. Plaintiff's health conditions, educational background, and work experience prohibited him from being able to find gainful employment at a rate similar or equal to his pre-injury wages. The telemarketer job to which plaintiff was sent is not appropriate. Plaintiff will not benefit from further vocational rehabilitation and his compensation should not be terminated. N.C. Gen. Stat. §§ 97-18.1 and 97-25; 97-29.
5. Plaintiff is substantially in need of continuing treatment relating to his compensable injury by accident and the conditions that have resulted from that accident. N.C. Gen. Stat. § 97-25.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Plaintiff is permanently and totally disabled and defendants shall continue to pay compensation at a rate of $560.00 per week until such time as defendants have shown that he has sustained a change of condition. Said amount is subject to an attorney's fee approved in Paragraph 4 infra.
2. Defendants shall continue to pay all medical expenses resulting from plaintiff's compensable injury by accident in accordance with North Carolina law until further orders by the Industrial Commission.
3. Defendants shall immediately cease all vocational rehabilitation efforts with respect to plaintiff and shall not restart them absent further orders of the Industrial Commission.
4. A reasonable attorney's fee of 25% of compensation due plaintiff under Paragraph 1 of this AWARD is approved for plaintiff's counsel and defendants shall pay it as follows: 25% of the compensation due plaintiff under Paragraph 1 of this AWARD shall be deducted from that sum and paid directly to plaintiff's counsel. In regards to future compensation, defendants shall send to plaintiff's counsel every fourth check.
5. Defendants shall pay the costs.
This 23rd day of October 2003.
 S/ ____________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/ ____________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DISSENTING IN PART:
 S/ ____________________ BERNADINE S. BALLANCE COMMISSIONER